Sneed, J.,
delivered tRe opinion of tRe court;
TRe prisoner appeals in error from a judgment of tRe criminal court of Shelby county, upon a conviction of the crime of embezzlement. TRe facts are, tRat tRe- prisoner, in October, 1873, was in tRe service of tRe SontRem Express Co., a corporation operating its franchise on tRe Mississippi & Tennesee Kailroad, whose northern terminus was at Memphis, where there was an office and agency' of said express company. TRe particular duties assigned to the defendant were the custody, carriage, and delivery of express packages between the cities of Memphis, Tenn., and Grenada, Miss. About the 21st of October, 1873, tRe defendant received at the city of Grenada certain packages to be delivered at the agency in Memphis, and receipted *756 for them in the name of the company. It was his dirty, on receipt of these packages, to enter the same in a book kept by him for the purpose, and to deliver them to the agent at the Memphis office, for delivery to the owners respectively. Some of these packages containing money were not so entered, while others were so entered. The latter were dnly accounted for upon the defendant’s arrival at Memphis, while the money packages were appropriated by him. The defendant on that trip arrived at Memphis on Saturday, and was to report next day for the south bound trip, but disappeared and left the country. TJpon a discovery of his default, the company paid to the respective owners the several sums of money thus appropriated by the defendant. In 1876, the defendant reappeared at the agency in Memphis and admitted his guilt, stating that his conscience was disturbed about it, and that he wanted to settle the matter in some way. He admitted that he had abstracted from the packages aforesaid about the sum of three hundred and sixty dollars. On being asked by the agent if he had the funds to reimburse the company, he replied that he had not, and he was thereupon tpld that he would be prosecuted. He surrendered himself into the custody of an officer, and this prosecution and conviction followed.
The indictment contains three counts, the first charging embezzlement, the second a fraudulent breach of trust, and the third larceny, each count charging the ownership of the money to he in the express company. He was convicted of embezzlement under the first count, and adjudged to confinement in the penitentiary for a period of eight years. It is insisted on behalf of the defendant that the money packages having been thus receipted for by the defendant, were then in possession of the company, and whether he was to he regarded as the agent or servant of the company, the fraudulent appropriation of them under the facts could not he embezzlement, and that he has been convicted of the wrong offense. It is also insisted that *757 whatever offense vas committed, the courts of this state bad no jurisdiction over it, as the offense was committed in the State of Mississippi, where the packages were received. It is sufficient to say, upon the latter proposition, that the offense was only consummated in Memphis, where the defendant failed to render an account of the packages. The fraudulent appropriation was a continuous transaction until the defendant came within the jurisdiction of the courts at Memphis, but it only ripened into the crime of embezzlement upon his failure to account at the Memphis agency. Thus, if a person .whose duty it is to receive money for his employer, receives money and renders a true account of all the money received, he is not guilty of embezzlement if he abscond and does not pay over the money; but if he had received the money and had rendered an account in which it was omitted, this would be evidence to show that he had embezzled the amount. Rex v. Creed, 1 C. & K., 63.
It is impossible to tell when the fraudulent intent in such a case was conceived, but it is enough to. know .that the crime was not consummated until the book of entries was handed over to the Memphis agency with these packages unaccounted for, and this, in the opinion, of the court, determines the question of jurisdiction. 2 Bish. Cr. Law, p. 360. But the principle is invoked in behalf of the defendant that if it appear that the money was ever even constructively in the possession of the master, the offense amounts to larceny at common law. 2 Whart. Cr. Law, sec. 1941; Archibold’s C. P., 266. The offense charged against the prisoner is purely statutory, and the statutes creating the offense are derived from the English statutes 21 Hen. 8, ch. 7; 39 Geo. 3, ch. 86, and 7 and 8 Geo. 4, ch. 29, modified by the late statute 24 and 25 Vict., ch. 96.
The object of these statutes as [well as that] of our own, was to meet and obviate the defects in the law of larceny. Under these statutes it was held that the money *758 or other thing alleged to be embezzled must not come into the master’s possession before it does into the servant’s, for if it does, the taking of it, whether delivered to the servant bv the master or not, is larceny; but it must eome directly in the course of the servant’s employment from a third person, a larceny not being perpetrated when the servant, in the course of his duty, takes his master’s property from a third person, and when therefore he commits no trespass, though he means to appropriate it to his own use, and does so. Reg. v. Haywood, 1 Car. & B., 518; Reg. v. Watts, 1 Eng. L. &. Eq., 558; 2 Bish. Cr. Law, sec. 352. The offense was specially created by statute to protect employers against the frauds of those in whom confidence is reposed, and when the element of confidence does not exist, there can be no. such thing as embezzlement. Our own statute on the subject is in these words: “Any officer, agent, or clerk of any incorporated company, or any clerk or agent of a co-partnership or private person, except apprentices and other persons under the age of eighteen years, who embezzles or fraudulently converts to Ms own use any money or property of any other, which has come to his possession, or is under his care by virtue of such employment, shall, on conviction, be punished by confinement in the penitentiary not less than five nor more than twenty years.” Code, sec. 4708 [Shannon’s Code, sec. 6576].
The English as well as the American statutes contain the like saving in favor of apprentices and persons under eighteen years of age, and it has been held that the age of the defendant must in such ease be proved by testimony. The jury cannot look to the appearance of the defendant to determine whether or not he comes within the excepted age. Stephenson v. The State, 28 Ind., 272; 4 City Hall Recorder, 159. But we hold the sounder rule to be, that this is more properly matter of defense, and that proof of age or apprenticeship being peculiarly within *759 tbe power of tbe accused, tbe burden, of sucb defensive matter should not be thrown upon tbe state. This ruling is, we think, founded in tbe better reason, and is certainly sustained by tbe analogies of our practice in other cases where exceptions are engrafted upon penal statutes. Tbe statute of New Torlc is substantially and almost literally identical with ours. Tinder that statute it was held that an indictment lies against a clerk or servant for converting to bis own use tbe money or goods of bis master or employer, as well as for converting to bis own use tbe money or goods of any other person which may have come into bis possession or under his care by virtue of bis employment. Tbe words “any other person” in tbe statute meaning any person other than be who is guilty of embezzlement. People v. Hennessey, 15 Wend., 147. And a stage driver intrusted by bis employers to carry money from one place to another is a. servant who has 'obtained possession of property by virtue of his employment within tbe meaning of tbe act. People v. Sherman, 10 Wend., 296. Tbe crime is defined to be tbe fraudulent appropriation of sucb property as tbe statutes make the subject of embezzlement, under tbe circumstances in the statutes pointed out, by tbe person embezzling to tbe injury of tbe owner. 2 Bisb. Cr. Law, sec. 330. Tbe essence of tbe offense is that a trusted agent, according to tbe course of bis employment has received as tbe agent and representative of bis employer, tbe money or goods of another, and betrays this trust by fraudulently appropriating said money or goods to bis own use. Here is tbe element of [tbe offense,] goods or money received in the course of bis employment, and of confidence reposed and broken. Tbe employment of the defendant in this case was to receive for bis employers tbe money or goods of tbe patrons of tbe employer, and account for tbe same to tbe employer, who was responsible to tbe patron. When tbe goods came into tbe possession of tbe defendant, he stood in &, relation of *760 double trust to tbe owner and employer, and tbe property in tbe goods might safely have been laid in either, but in the sense of the law of larceny, the goods were never in the possession of the employer, but were the proper subject of embezzlement in the hands of the defendant. The statute, we think, is fully answered in this case, and was intended for the protection of employers in just such cases. The judgment must be affirmed.