## CALDWELL *v.* TEXAS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

No. 1541. Submitted May 11, 1891.—Decided May 25, 1891.

There having been some irregularity in the submission of this case on the 15th of December, 1890, the court allows a resubmission, and an additional brief is filed at its request; and it now adheres to its former decision, dismissing the writ for want of jurisdiction. 137 U. S. 692.

THE case, as stated by the court, was as follows:

The writ of error in this case was dismissed January 12, 1891. *Caldwell* v. *Texas*, 137 U. S. 692. Plaintiff in error applied for a rehearing upon the ground that no notice had been given of the motion to dismiss. The record here showed that a motion to advance and a motion to dismiss were submitted on December 15, 1890, and the order in relation to the latter motion stated that it was submitted on the record and printed arguments of counsel for both parties.

An extended printed argument on the merits had been previously filed on behalf of plaintiff in error, as well as t*** written consent of his counsel that the cause might be advanced, but from the affidavits accompanying the application for rehearing it appeared that through some inadvertence the notice of the motion to dismiss had not in fact been given. The court therefore, on the 9th of March, directed the judgment to be vacated and notice to be served, returnable on the second Monday in April, the motion to be then considered upon such additional printed briefs as might be presented.

This was accordingly done, but no further briefs were filed, and on April 14 suggestion of illness of counsel was made, and the time twice enlarged. On the 11th of May the case was taken on resubmission, and a request having been made that the cause be continued to next term, or that other counsel be assigned to represent plaintiff in error, other counsel has examined the record and filed an additional brief.

*Mr. Augustus H. Garland*, at the request of the court, prepared and filed the following brief on behalf of the plaintiff in error.

The question presented on this petition, as to notice to plaintiff in error of the motion to dismiss, is to be disposed of by the facts of record in the cause, and I take it the court waives that, as it is willing to receive argument as if that motion were now pending, and of which plaintiff in error had due notice.

Then upon the point of the jurisdiction of this court in respect of a Federal question, it is to be said that while the case of *Hurtado* v. *California*, 110 U. S. 516, and others go to the extent that a State may by law provide for punishing persons charged, as Caldwell is here, without indictment, yet if indictment is by the state law the prescribed method, there must be a good indictment, such as is understood by the common law. Such is unquestionably the doctrine of *Ex parte Bain*, 121 U. S. 1 *et seq.* Although Bain's case was in the United States court, yet this court, in passing upon the indictment, held this doctrine substantially as obtaining in the state courts, the United States courts and the courts of England.

No question is raised here as to the power of the State to dispense with indictment and take some other method in lieu of it, but the question is, can the State, keeping the procedure by indictment in existence, convict upon an indictment fundamentally defective?

That this indictment is essentially defective, Mr. Burns, in his brief, filed November 28, 1890, seems to show, and nothing more need be said on that subject.

It must follow necessarily that, as a fundamental right to Caldwell to have a good indictment, he is protected by the Fourteenth Amendment as to "due process of law." The authorities abundantly show that whatever process — indictment, information or what not — brings a man into court for trial, it must be one giving him full notice of all the material facts constituting the offence charged. There can be no "due process of law" without this.

The party "must be notified exactly of the case he is to meet." *Foster* v. *Kansas*, 112 U. S. 201 *et seq.;* 2 Hare Am. Constitutional Law, 845–849, 858–863, 874, 876, and cases cited.

It is nothing to the purpose to say, in response to this, the State of Texas has ruled this to be a good indictment and that it' suits her purposes. Some other authority, having an interest in this citizen, and which has the right to his allegiance, and therefore owing him protection, must also see that it is good and sufficient. The State cannot by direction or indirection, keep this question from this court. It was in part to prevent all this that brought forth the Fourteenth Amendment. This court, if the Fourteenth Amendment is not meaningless, must take this question and pass upon it, whether it was raised in the court below or not, as it is a question going to the very bottom of the proceeding, and affects it from the beginning to the end; and this question is waived in no case, and certainly never in one involving life.

In *Gelpcke* v. *Dubuque*, 1 Wall. 175 *et seq.;* it was attempted to beg the question away from the court on just such grounds as are urged here for the dismissal of this case, which were answered in strong and impressive language thus : "We shall never immolate truth, justice and the law because a state tribunal has erected the altar and decreed the sacrifice," pp. 206, 207 ; words quite applicable here and now.

It is submitted, in view of the fact that Caldwell's life is at stake, and in view of the general importance of the question involved, that his counsel should be heard upon the merits.

MR. CHIEF JUSTICE FULLER delivered the opinion, (including the above statement,) of the court.

We have again considered the case but see no reason to change the conclusion heretofore announced.

The writ of error will therefore be

*Dismissed.*