## STATE *v.* FRY.

### (*Nashville.* March 5, 1897.)

1. CRIMINAL PRACTICE. *Former acquittal available without formal plea.*

   Former acquittal of one of several offenses embraced in an indictment resulting by implication from a verdict of guilty upon a former trial as to other offenses charged, is available on a subsequent retrial without a formal plea, as it fully appears from the record in the particular case. (*Post, p. 325.*)

2. SAME. *Former acquittal and once in jeopardy.*

   A general verdict of "guilty of arson," upon an indictment charging, in two distinct counts, the burning of a dwelling house and the burning of a barn, as parts of one transaction, does not operate as an acquittal upon the count charging the burning of the barn so as to protect the accused from a retrial thereon upon the reversal of the first verdict, as both counts charged arson, and the conviction covered both. (*Post, pp. 325–329.*

   Cases cited and distinguished: Hall *v.* State, 3 Lea, 553; Lawless *v.* State, 4 Lea, 177.

3. FEDERAL QUESTION. *Does not arise.*

   And the denial of the benefit of a former acquittal in such case does not raise any federal question. Such proceeding constitutes due process of law, and the State Court's decision on this point is final and conclusive. (*Post, p. 329.*)

   Cases cited: 139 U. S., 462; 141 U. S., 209; 110 U. S., 516; 149 U. S., 645; 143 U. S., 442; 46 Fed. Rep., 388; 54 Fed. Rep., 334.

---

FROM WARREN.

---

Appeal in error from Circuit Court of Warren County. M. D. SMALLMAN, J.

State *v.* Fry.

Attorney-general PICKLE for State.

J. H. CUMMINGS, S. T. O'NEAL, and A. J. CALD-WELL, for Fry.

WILKES, J.   Defendant was indicted at the September term, 1894.   There were two counts in the indictment.   The first charged the defendant with burning a barn, the property of Stroud, in the possession of Bailey.   The second charged him with burning the dwelling house of Stroud, in the possession of Bailey.

The verdict of the jury was returned at the January term, 1896, and was, in form, that they found the defendant guilty of arson, as charged in the indictment, and sentenced him to five years in the State penitentiary.

On appeal to the Supreme Court the judgment rendered upon this verdict was reversed and the case remanded for a new trial.   A mistrial was had at the May term of the Court, and at the September term another trial was had, and the jury returned a verdict that the defendant was guilty of barn burning, as charged in the indictment, and he was sentenced to two years in the penitentiary, and he has again appealed.

It is insisted that the verdict of arson, on the first trial, without any special finding upon the charge of barn burning, was equivalent to an acquittal upon the latter charge, and that whether he set up the former acquittal by plea or not, he

State *v.* Fry.

could not, on the last trial, be convicted of barn burning.

If we concede the premises that he has once been acquitted in the same case of the charge of barn burning, we do not think it absolutely necessary that he should set this up by plea, inasmuch as it appears fully to the Court in the course of the same prosecution. But, the question is, was the verdict of the first trial equivalent to an acquittal of the charge of barn burning? That verdict found him guilty of arson, in general terms, and did not specify whether of the barn or dwelling. It was applicable, and may have been applied, to either. Originally, the crime of arson, at common law, was applicable only to dwellings. By statute, however, its scope has been enlarged until it embraces not only dwellings, but outhouses as well. In this case the dwelling and barn were burned in the same fire, at the same time, and by the same means, and the verdict, being general, was applicable to either or both. This is not similar to a charge of murder, which embraces within it the different degrees of homicide, and where the conviction for a lower grade necessarily carries with it an acquittal of the higher offense. We do not think, therefore, that the first verdict, by its terms or by implication, is an acquittal of either offense, but, on the contrary, was a conviction, upon both or either, the sentence in that case being five years, and within the penalty prescribed in each

statute. Upon the case being remanded, therefore, the defendant was triable, as at first, upon the indictment as a whole. Upon the latter trial the finding is for barn burning, and the punishment is within the limits fixed for that offense. Upon the merits of the case, the record shows a motive, with threats and malice on the part of defendant. There is also evidence as to similarity of footprints. The only real defense set up is that of an alibi, and this is attempted to be made out by Williams. Defendant, however, admits that he was, during the whole night of the fire, in company with Hickerson. Hickerson has already been found guilty, by this Court, of the same offense, and is now in the penitentiary.

Suffice it to say, we do not consider the alibi as made out, and the judgment of the Court below must be affirmed.

---

### OPINION ON PETITION TO REHEAR.

WILKES, J.    A petition and supplemental petition have been filed in this case, asking for a rehearing of the case. In the petition it is stated that while § 4666 of the Code (Shannon, § 6529) does enlarge the definition of arson by including in the offense the burning of an outhouse, it was still not intended to embrace any house beyond the curtilage, and it is insisted that § 6531, Shannon, shows this to have been the legis-

State v. Fry.

lative intent, because it makes barn burning a distinct and separate offense, and prescribes for it a different punishment.

The supplemental petition sets up in terms, in addition to the original, that the defendant has been put twice in jeopardy, and now stands convicted without due process of law, contrary to the provisions of the Constitution of the United States and State of Tennessee.

The indictment charges in one count the burning of a dwelling and in another the burning of a barn, but both relate to the same transaction and the same time. The first verdict was "guilty of arson," and if this be held to be a special verdict upon the first count, it would operate as an acquittal upon the second count, and defendant could not be again put in jeopardy on that count, so that we must determine the force and effect of the first verdict. We cannot assume that the jury intended to use the word "arson" in any strict technical sense, but in a general sense, and to mean that defendant is guilty of all that the indictment sufficiently and properly alleges. 1 Bishop on, Crim. Proc., Sec. 1005, A. 2.

But if we assume that the word arson was intended to be used in a technical sense, we think it must be held good, since each count charges what is arson under our statutes. The sections under which the counts are framed—4666 and 4668—are both found under an article in the Code of 1858 which is headed "Arson." Both sections are from

the Acts of 1829, Ch. 23. The compilations of Thompson & Steger, followed by Milliken & Vertrees and Shannon, have added the words " malicious burning " to the heading of the article, but this was done by the compilers, and without any legislative direction to that effect. All the offenses contained in the article were, under the Code of 1858, denominated arson.

It is true that at common law arson is defined to be the willful and malicious burning of the house or outhouses of another, and our statutes (Shannon, § 6529), as well as the Code of 1858, repeat this common law definition of arson.

Originally, the offense was directed against the habitation rather than against other houses, and was intended as a protection to life rather than to property. But the crime was early extended by statutes, in England, to the burning of barns containing hay and corn, etc. Bishop on Stat. Crimes, Sec. 289; *Mary* v. *State*, 81 Am. Dec., 68, and note. And in many of the States of the Union it has likewise been so extended. Am. & Eng. Enc. L., Vol. II. (2d Ed.), 931; *Hill* v. *Commonwealth*, 98 Pa. St.; 192; *State* v. *Shaw*, 31 Me., 523; *People* v. *Taylor*, 2 Mich., 250; *Mary* v. *State*, 81 Am. Dec., 68, and note.

In our own State it had been held that the burning of a dwelling and outhouse are distinct felonies, and cannot be joined in the same count, but the same indictment may contain a count for each offense,

State *v.* Fry.

and a general verdict on such indictment will be good. *Hall* v. *State*, 3 Lea, 553; *Lawless* v. *State*, 4 Lea, 177.

While the burning of dwellings and the burning of barns, as well as burning to injure an insurer, are distinct offenses, still they are all arson under our statutes, and the general verdict of arson in this case was good upon either count of the indictment. We do not consider, therefore, that defendant was acquitted of either count in the indictment by the general verdict upon the first trial, and he was properly triable on either or both counts on the second trial.

We are of opinion there is no Federal question involved in this case. It is simply a question of the legal effect and construction of the verdict of a jury, and a Federal question no more arises in this case than in any other case in which the plea of former conviction is made.

The judgment of the State Court as to what is due process of law must be held as final and conclusive. 46 Fed. Rep., 905. Due process of law means a proceeding by regular course through a properly constituted Court. *Leeper* v. *Texas*, 139 U. S., 462; *Caldwell* v. *Texas*, 141 U. S., 209. See, also, *Hurtado* v. *The People*, 110 U. S. 516; *McNutty* v. *The State*, 149 U. S., 645–8; *Swab* v. *Berggen*, 143 U. S., 442; 46 Fed. Rep., 388; 54 Fed. Rep., 334.

The motion for a new trial is overruled.