## THE STATE *v.* C. G. ABERNATHY. (No. 1.)*

### (*Jackson.*  April Term, 1926.)

1. **CRIMINAL LAW.**

Conviction on one count of indictment operates as acquittal on others. (*Post, p.* 446.)

Cases cited and approved: State v. Fry, 98 Tenn., 323; Major v. State, 36 Tenn., 597; Esmon v. State, 31 Tenn., 14; Slaughter v. State, 25 Tenn., 410; Campbell v. State, 17 Tenn., 333; State v. Norvell, 10 Tenn., 24.

2. **CRIMINAL LAW.** Plea of former acquittal on count charging embezzlement, as employee of corporation held properly sustained, after conviction of appropriating personalty as officer of corporation (Shannon's Annotated Code, sections 6576, 6580).

Where defendant was convicted only on third count, charging appropriation to his own use of personalty under his control as officer of corporation in fraudulent breach of trust, court, after setting aside verdict and granting new trial, properly sustained plea of former acquittal on second count, charging embezzlement and conversion to defendant's own use of property under his care as employee of such corporation, in violation of Shannon's Annotated

---

*On the question as to whether money or property appropriated was received by appropriator because of his employment, see note in 17 L. R. A. (N. S.), 533.

(441)

Code, section 6576; facts alleged in third count not justifying conclusion of breach of trust within section 6580, so as to differentiate it from second count. (*Post, pp.* 446-450.)

Cases cited and approved: People v. Hennessy, 15 Wend., 147; People v. Allen, 5 Dennis, 76; Lambeth v. State, 3 Tenn., 754.

Cases cited and distinguished: Johnson v. State, 68 Tenn., 280; Lovelace v. State, 80 Tenn., 722.

Codes cited and construed: Secs. 6576, 6580 (S.).

3. EMBEZZLEMENT. Statute as to fraudulent breach of trust by appropriation of personalty does not apply, where one converts property coming into his hands by virtue of regular employment (Shannon's Annotated Code, Section 6580).

Shannon's Annotated Code, section 6580, as to fraudulent breach of trust by appropriation of personalty by one having control of it as clerk, agent, etc., or on any other contract or trust binding him to deliver or return it or its proceeds, does not apply, where property comes into one's hands by virtue of his regular employment, and is converted by him. (*Post, p.* 450.)

*Headnotes 1. Criminal Law, 16 C. J., Section 2595; 2. Criminal Law, 16 C. J., Section 453; 3. Embezzlement, 20 C. J., Section 12.

FROM HENRY.

Appeal from the Criminal Court of Henry County.— Hon. THOMAS E. HARWOOD, Judge.

W. H. SWIGGART, JR., for the State.

DUDLEY PORTER, J. S. DANIEL, and JAMES VAN DYKE, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The defendant was tried at the July, 1925, term of court upon an indictment containing three counts as follows:

"The grand jurors of the State of Tennessee, elected, impaneled, sworn, and charged to inquire in and for the body of the county of Henry, in the State aforesaid, upon their oath present that C. G. Abernathy, late of the said county, laborer, heretofore, to-wit, on the —— day of January, A. D., 1924, in the county of Henry aforesaid, then and there unlawfully, feloniously, fraudulently, knowingly, and falsely did make in and upon the check book stub of the Paris Hardware Company, a corporation duly organized and existing under the laws of Tennessee, said book being the property and records of said corporation, the false entry hereinafter set out, the said C. G. Abernathy being then and there not an apprentice, over eighteen years of age, and being at the time the secretary, treasurer, and general manager of said Paris Hardware Company.

"Said entry is in the following words and figures, to-wit:

No. 1004.                          $79.10
                         1/8—1924
               To C. E. Hastings, Pres.

| For | Int. Dollars | Cents |
|---|---|---|
| Balance brought forward | 587 | 66 |
| Amount of this check | 79 | 10 |
| Balance carried forward | 508 | 56 |

"By which said entry it was made to appear that said amount of $79.10 was paid for an item of interest due by said Paris Hardware Company to C. E. Hastings, president, when as a matter of fact the corresponding check, No. 1004, detached from said stub and issued by said C. G. Abernathy, and drawn upon the bank account of said Paris Hardware Company, was for the payment

of an individual note of the said C. G. Abernathy, and was so given by him to C. E. Hastings, president of the First Trust & Savings Bank upon which same was drawn, and was by him, the said C. G. Abernathy, so used and appropriated for the payment of his individual note due said bank.

"Same when so made by the said C. G. Abernathy was false, and was well known to be so by him at the time the same was made by him upon said check book stub. The same was done by him for the unlawful, fraudulent, and felonious purpose and intent of defrauding said Paris Hardware Company, and to appropriate to his own use the sum of $79.10, the property of said Paris Hardware Company.

"Second Count.

"And the grand jurors aforesaid, upon their oaths aforesaid, present further that on the date set forth in the first count of this indictment, and at the exact time and place contained and referred to in said first count, in said county and State aforesaid, the said C. G. Abernathy, being then and there not an apprentice, over eighteen years of age, and being at the time the secretary, treasurer, and general manager of the Paris Hardware Company, a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in said city, Paris, Henry county, Tenn., did unlawfully, feloniously, fraudulently, willfully and knowingly embezzle and fraudulently convert to his own use the sum of $79.10, the property at the Paris Hardware Company, which had come to his possession and was under his care by virtue of his employment with said Paris Hardware Company, having deposited said amount in the First Trust & Savings Bank of Paris,

Tenn., in the name of and to the credit of said Paris Hardware Company, and thereafter on the date aforesaid did remove same from said bank by means of a check drawn by him upon said account by virtue of his employment, and did embezzle and fraudulently convert same to his own use, with the intent to and did defraud the said Paris Hardware Company thereof.

## "Third Count.

"And the grand jurors aforesaid, upon their oaths aforesaid, present further that on the day and date aforesaid, and in the county of Henry, State of Tennessee, aforesaid, the said C. G. Abernathy, being then and there the secretary, treasurer, and general manager of the Paris Hardware Company, a corporation of Tennessee, organized and existing as such under the laws of said State, did fraudulently, feloniously, and willfully appropriate the personal property, goods, and chattels and money to the amount of $79.10 of the Paris Hardware Company aforesaid, which had come under his control by virtue of his position as secretary, treasurer, and general manager of said company, to his own use, and did willfully, unlawfully, fraudulently, and feloniously commit a fraudulent breach of trust thereby, and in the following way and manner, to-wit:   The said C. G. Abernathy, being then and there the secretary, treasurer and general manager of said Paris Hardware Company, Incorporated, had under and by virtue of his employment with said Paris Hardware Company the handling and custody of the funds, cash, daily sales in said Paris Hardware Company's store in Paris, Henry county, Tenn., and did deposit sundry amounts of money arising from the sales of merchandise in said store in the First Trust

& Savings Bank in Paris, Tenn., and, having so done, the said C. G. Abernathy did issue the check referred to in the first count of the indictment, No. 1004, upon said bank, drawn upon the funds of said Paris Hardware Company, by him as manager thereof, and procured said amount from said bank, and appropriated same to his own individual and personal account and benefit and use, and willfully and fraudulently, knowingly and falsely, failed to account therefor as a charge against himself, having converted same unlawfully to his own use, and thereby fraudulently committed a breach of trust as secretary, treasurer and general manager of said Paris Hardware Company, and deprived said company of said amount of $79.10, against the peace and dignity of the State."

The jury returned a verdict convicting the defendant on the third count.

It is conceded that the verdict operated as an acquittal on the first and second counts. *State* v. *Fry,* 98 Tenn., 323, 39 S. W., 231; *Major* v. *State,* 4 Sneed (36 Tenn.) 597; *Esmon* v. *State,* 1 Swan, (31 Tenn.), 14; *Slaughter* v. *State,* 6 Humph. (25 Tenn.), 410; *Campbell* v. *State,* 9 Yerg. (17 Tenn.), 333, 30 Am. Dec., 417; *State* v. *Norvell,* 2 Yerg. (10 Tenn.), 24 Am. Dec., 458; 27 Ruling Case Law, 885; 16 Corpus Juris, 260.

Upon motion the trial court set aside the verdict of the jury, and granted the defendant a new trial.

At the November, 1925, term the defendant filed a plea of *autrefois acquit,* wherein he averred that, at the July term, 1925, he had been arraigned, tried, and acquitted of the offense of making a false entry, as charged in the first count of the indictment, and embezzlement, as charged in the second count of the indictment; that the

offense charged in the third count of the indictment was precisely the same as that charged in the second count of the indictment; that the evidence necessary to support the third count of the indictment would have been sufficient to procure a legal conviction upon the second count of the indictment; and that the offense charged in the third count of the indictment was an ingredient of the offense charged in the second count, wherefore he prayed the judgment of the court whether he ought to plead or answer further as to that count.

The attorney-general sought, by motion, to have said plea stricken from the files, which motion the court overruled. The attorney-general then filed a demurrer to said plea, which the court overruled. The attorney-general declined to take issue upon said plea, whereupon the court sustained said plea, quashed the indictment, and discharged the defendant. The State appealed and assigned the foregoing action of the trial court for error.

The court was correct in sustaining the plea of former conviction. The third count was a duplication of the second.

The second count was based upon section 6576 of Shannon's Annotated Code, which is as follows: "Any officer, agent, or clerk of any incorporated company, or any clerk or agent of a copartnership or private person, except apprentices and other persons under the age of eighteen years, who embezzles or fraudulently converts to his own use any money or property of any other, which has come to his possession, or is under his care by virtue of such employment, shall, on conviction, be punished by confinement in the penitentiary not less than five nor more than twenty years."

In construing the above statute, this court, in *John-son* v. *State,* 9 Baxt. (68 Tenn.), 280, said: "A mere casual employment in such a case does not fall within the meaning of the statute. It was intended to protect employers against the frauds and peculations of persons in their regular employment, who by virtue of such employment, might come into the possession of money or property, and fraudulently appropriate the same to their own use, and not to a casual messenger who might be entrusted with the temporary possession thereof. In *Hawtin's case,* 7 Car. & P., 281, it was held to be a necessary fact that the defendant received the property in the course of his employment to make a case of embezzlement. The employment referred to must be the regular employment of the defendant as an officer, agent or clerk of any incorporated company, or any clerk or agent of a copartnership, or the regular clerk or agent of any private person, as a merchant, factor, mechanic, or manufacturer, having clerks or agents in their regular employment, and it must be in virtue of and in the course of such regular employment that the money or property must come into the hands of the defendant, to bring the offense within this particular statute. *People* v. *Hennessy,* [Hennessey], 15 Wend. [N. Y.], 147; *People* v. *Allen,* 5 Denio [N. Y.], 76; *Lambeth* v. *State,* MS., Jackson, 1877. [3 Tenn. Cas., 754.]"

The attorney-general, in drawing the third count, evidently undertook to predicate same upon section 6580 of Shannon's Annotated Code, which is as follows:

"The fraudulent appropriation of personal property or money by any one to whom it has been delivered on deposit, pledge, sequestration, or to be carried or re-

paired, or in whose hands or under whose control it may be by his position as clerk, agent, actor, or bailee, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, is a fraudulent breach of trust.''

The purpose of this statute was discussed in *Lovelace* v. *State,* 12 Lea (80 Tenn.), 722.

While the third count of the indictment concluded, ''and thereby fraudulently committed a breach of trust,'' the facts alleged did not justify the conclusion, nor bring the offense within that statute, but, as previously stated, was a mere repetition of the allegations contained in the second count.

The matter is very well stated in the brief of counsel for the defendant as follows:

''The offense charged in the second count of the indictment and that charged in the third count are identical. Both counts charge that the defendant, being at the time the secretary, treasurer, and general manager of the Paris Hardware Company, a corporation organized and existing under the laws of the State of Tennessee, did fraudulently appropriate and convert to his own use the sum of $79.10, the property of the Paris Hardware Company which had come into his possession and under his control by virtue of his position as such official, and been deposited by him in the First Trust & Savings Bank of Paris in the name, and to the credit of the Paris Hardware Company, by removing such sum from such bank by means of a check drawn by him on the account of the Paris Hardware Company, payable to C. E. Hastings in payment of the individual note of C. G. Abernathy.

153 Tenn.—29.

"In the second and third counts of the indictment the identical person, serving in the identical capacity, is charged with converting to his own use by the identical means the identical funds received by him in the identical way.

"The fact that the attorney-general who prepared the indictment chose to denominate the offenses in one count as embezzlement and in another count as fraudulent breach of trust does not make the offenses charged in the two counts different."

In both counts the defendant is referred to as an officer of the corporation named, and that it was by virtue of his employment that he came into possession of the funds that he misappropriated.

Section 6580 of the Code has no application where property comes into the hands of a person by virtue of his regular employment, and is converted by him.

Affirmed.