### SOPER et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

No. 5411.

1. Criminal law ⬤⇒878(2)—Verdict of guilty of possession, in trial for possessing intoxicating liquor and property to be used in violating Prohibition Act, held void for uncertainty (National Prohibition Act [27 USCA]).

In trial for possessing intoxicating liquor and property intended to be used in violation of the National Prohibition Act (27 USCA), verdict of guilty of possession held void for uncertainty as to which charge was meant.

**2. Criminal law ⬤878(2)—Verdict of guilty of nuisance held not void for uncertainty as to which of two similar nuisance charges was meant (National Prohibition Act [27 USCA]).**

In trial for maintenance of nuisance under National Prohibition Act (27 USCA) and maintenance of nuisance on certain date at certain place, verdict of guilty of "nuisance" *held* not void for uncertainty, whether nuisance consisted of selling or manufacturing intoxicating liquor, or both; both charges relating to same time and place, and substantially constituting a single charge, which might have been embraced in single count.

**3. Criminal law ⬤878(4)—Verdict of guilty on certain charges is not void, as inconsistent with imputed acquittal on counts as to which verdict is silent.**

Constructive verdict of acquittal on charges as to which verdict is silent being only a fiction to protect defendant against being twice put in jeopardy, verdict of guilty on certain charges will not be held void, as fatally inconsistent with imputed verdict on other counts.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

William Soper was convicted of possessing intoxicating liquor or property intended to be used in violation of the National Prohibition Act (27 USCA), and Gus Rossett and Joseph Semoni were convicted of maintaining a nuisance, and they appeal. Reversed as to defendant Soper, and affirmed as to defendants Rossett and Semoni.

Walter H. Duane, of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. In an information embracing five counts, the three appellants were charged with (1) the possession of property intended to be used in violation of the National Prohibition Act (27 USCA); (2) the maintenance of a nuisance under that act; (3) the unlawful manufacture of intoxicating liquor; (4) the unlawful possession of intoxicating liquor; and (5) the maintenance of a nuisance—all on the 31st day of October, 1927, at 1407 San Bruno avenue, San Francisco. The only difference between the second and fifth counts is that in the former the charge is that defendants were manufacturing liquor, whereas in the latter they were keeping it for sale.

The judgment appealed from was entered upon a verdict in these words: "We, the

27 F.(2d)—41½

jury, find as to the defendants at bar as follows: William Soper—guilty—possession. Gus Rossett—guilty—nuisance. Joseph Semoni—guilty—nuisance."

[1] Appellants urge that this verdict is void for uncertainty, and further that it is fatally inconsistent. The first point, we think, is well taken as to defendant Soper, but without merit as to the other two defendants. Defendant Soper went to trial on two distinct charges of possession, one for the possession of property, and the other for possession of intoxicating liquor. In the light of the fact that possession of liquor is a more common charge than possession of property, and of other circumstances disclosed by the record, it may be more probable that the jury referred to the liquor count. But legally that is not known or ascertainable. Upon the face of the judgment roll, one view is as reasonable as the other, and, should this defendant in the future be charged with a second offense for possession of property or of liquor, this record could in either case be brought forward in support of the allegation of a former conviction.

[2] But the same considerations do not apply to the other defendants. True, there were two similar charges of nuisance; but they not only related to the same time and place, but in substance they constituted a single charge, and might have been embraced in a single count. We are inclined to the view that the verdict should be construed as a finding of guilty on both of those counts. It is highly probable that the word "nuisance" was inserted only for the purpose of distinguishing the nuisance charges from charges of a different character, and, had there been no other counts, there would be no difficulty in concluding that a general verdict covered both nuisance charges. Ballew v. U. S., 160 U. S. 187, 16 S. Ct. 263, 40 L. Ed. 388; State v. Fry, 98 Tenn. 323, 39 S. W. 231. But, whether the jury so intended or not, the result is the same, for in any possible view it was clearly intended to find that at a certain time the two defendants were maintaining a designated place as a common nuisance, and whether it was such nuisance because they were both manufacturing and selling liquor, or only selling, or only manufacturing, is not material. They could in any event invoke the verdict and judgment against any possible future prosecution, and there would be no prejudicial uncertainty in case of a charge in the future of a second offense for maintaining a nuisance.

[3] Inasmuch as the silence of the verdict touching the charges of manufacturing and

possessing liquor is equivalent in law to an acquittal (Jolly v. U. S., 170 U. S. 402, 18 S. Ct. 624, 42 L. Ed. 1085), it is the contention that the finding of guilty on the nuisance charges is under the evidence fatally inconsistent with such imputed verdict upon the other counts. There is a sharp conflict in the reported cases involving the effect of findings by the jury upon several counts, which in the light of the evidence cannot be logically reconciled (Lambert et al. v. U. S., No. 5419, 26 F.(2d) 773, recently decided in this court); but the general question we need not consider, for here admittedly there is no inconsistency in the findings actually made. Under the rule of the Jolly Case the constructive verdict of acquittal is nothing more than a fiction to protect a defendant against being twice put in jeopardy. Why the jury did not find on the other counts is left to conjecture, but it would indeed be remarkable to presume that, if they had made a finding, it would have been inconsistent with the one they actually did make on the nuisance counts, and then to hold the one they actually made void, for the reason that it is inconsistent with a fiction resorted to only for the purpose indicated. To hold that the fiction operates to create an inconsistency would be to extend the rule relied upon beyond the reasons put forward in its support by the courts giving it sanction.

Accordingly, as to Soper the judgment will be reversed, and as to Rossett and Semoni it is affirmed.