Clarence Douglas WILLIAMS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 16, 1978.

David D. Noel, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Ronald A. Webster, Dist. Atty. Gen., James Russell Dedrick and William H. Crabtree, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant was indicted in separate counts for forgery and passing a forged instrument, and as an habitual criminal on each of these charges. He was convicted of passing a forged instrument with punishment fixed at not less than three years nor more than four years in the penitentiary. He was also found guilty of being an habitual criminal with his punishment enhanced on the original conviction to life imprisonment. The judgment of the trial court was that he be imprisoned in the State Penitentiary at hard labor for the remainder of his natural life.

■ At the outset we note that the State has candidly and correctly called to our attention that conviction for passing a forged check is not a triggering charge for enhancement of punishment under the Habitual Criminal Act.

T.C.A. Sec. 40–2801, in pertinent part, defines an habitual criminal to be "any person who has . . . been three (3) times convicted within this State of felonies, not less than two (2) of which are among those specified in Sections 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A) . . ."

T.C.A. Sec. 40–2802 provides, "When an habitual criminal, as defined in this chapter, is charged, by presentment or indictment, with the commission of any of the felonies specified in Sections 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A), or any crime for which the maximum punishment is death, and is also duly charged therein with being an habitual criminal, as defined in Section 40–2801, *he shall upon conviction, be sentenced and punished as an habitual criminal . . ." (Italics ours).*

■ Forgery, with which defendant was charged in the first count of the indictment, is an included offense under T.C.A. Sec. 40–2712, but passing a forged instrument is not. This court has held that forgery and uttering a forged instrument are separate and distinct offenses, and that neither is included within the other. *Anderson v. State*, 553 S.W.2d 85, (Tenn.Cr.App. 3/10/77), cert. denied 6/13/77. Conviction on one count of an indictment operates as acquittal on other counts. *State v. Abernathy*, 153 Tenn. 441, 284 S.W. 361. It results that the life sentence on the habitual criminal count in the indictment must be vacated and set aside. The judgment is modified to fix the sentence in accordance with the jury verdict at not less than three (3) years nor more than four (4) years in the penitentiary.

■ We have examined the other assignments of error and find them to be without merit. The evidence was more than adequate to support the conviction. The proof showed the check passed by defendant had been stolen. The signature of the drawer was unauthorized. Defendant was positively identified as the individual who passed the check under an assumed name. This was corroborated by his own admission. There was adequate evidence that defendant had actual knowledge of the false character of the check which he cashed. This was a fact question to be determined by the jury. *Keebler v. State*, 3 Tenn.Cr.App. 447, 463 S.W.2d 151.

■ The record does not sustain defendant's charge that he was required to proceed to trial without the presence of a material witness. The judgment of the trial court in such matters will not be disturbed in the absence of a clear showing of an abuse of discretion to the prejudice of the defendant. *Woods v. State*, 552 S.W.2d 782 (Tenn.Cr.App.1977). We overrule the assignment.

■ Defendant attempted to impeach his own witness at trial by asking leading questions. The witness had a case pending

before the grand jury involving bad checks relating to the same incident for which defendant was at trial. The general rule is that a party may not impeach his own witness except in a case where the witness is indispensable to his defense, or is hostile and takes the party by surprise. The impeachment process is limited to those cases where the testimony of a witness is in direct contradiction to prior statements. A witness may not be impeached who is merely reluctant to give testimony or unless the testimony is actually prejudicial. *Mays v. State*, 495 S.W.2d 833 (Tenn.Cr.App.1972).

We affirm the judgment of the trial court as modified.

DAUGHTREY and BYERS, JJ., concur.