ESTHER SPEARS *v.* DAVID H. FORREST.

Where the overseers of a town had assumed the control of a prosecution for bastardy, it was held they were competent witnesses—the objection arising from their corporate interest being removed by statute.

Evidence of common prostitution is not admissible to impeach a witness.

A complaint for bastardy need not have a minute, by the magistrate, of " the true day, month and year " it was exhibited to him.

THIS was a complaint for bastardy, carried on against the defendant by the overseers of the poor of the town of Guilford, under the statute—the said overseers having undertaken to control and manage said suit, and signed a certificate agreeably to the 13th section of the statute, to indemnify the complainant from the cost of said suit, and the support of the bastard child.

On the trial, one of the overseers was offered as a witness for the prosecution, was objected to by the respondent, and was admitted by the court. The respondent offered to prove that the said Esther, the mother of the child, (improved as a witness for the complaint,) was an inmate of a house of ill-fame, and was herself notorious as a prostitute, at the time of the begetting of the child and ever since; which evidence was rejected by the court.

The defendant, also, moved the court to dismiss the said action, and that the same be no further prosecuted — the magistrate, to whom the same was exhibited, not having made, at the time of the exhibiting of the same, a minute thereon, in writing, under his official signature, of the true day, month and year when the same was exhibited, — and when he signed the process which was issued on said complaint, not having entered on said process a true minute of the day, month and year when the same was signed; which motion was overruled by the court.

To all which decisions, after the order of filiation was made, the defendant excepted.

——————————— for defendant.

In regard to the notorious prostitution of the witness, we contend, that the welfare of society, as well as the safety of all parties in court, requires a revision, and reversal, of the previous decisions on this subject.

*Moore* v. *Pinneo,* 4 Vt. R. 281, was an instance, not of present prostitution, but of former reputation. In *Com.* v. *Moore,* 3 Pick. 194 — an offer to prove the witness' character for chastity bad—the court refused this " still greater relaxation of the rule." In *State* v. *Smith,* 7 Vt. R. 142, the court admit that this, like most of the vices, impairs the moral sense, and weakens the sense of obligation to speak truth ; but compare it to thieving and intemperance. The notorious thief cannot long pervert justice by his testimony. He may be indicted, and the public protected. But mere prostitution, if it be not " open and gross lewdness and lascivious behaviour," is not indictable. Nor is it indictable to be an inmate of a house of ill-fame. Rev. S. 444. And even the keeper of a brothel would, if convicted, be a competent witness.

But it is suggested that notorious prostitution will have its due effect on the testimony of the impeaching witnesses. This reasoning, if applied to *thieving,* might be true, for every theft includes a lie. But in relation to prostitution, the witnesses will answer, as the overseer did, at the county court, that he " never heard her truth and veracity called in question ;" and here the inquiry must end.

We object to a rule of evidence that offers a bonus to prostitutes, and protects them, when testifying, from the investigation to which others are subject. The notorious and professional prostitution of the female, for money, effectually prevents any discussion of the truth and veracity of such a person. The virtuous part of society, fit to be impeaching witnesses, shun her ; and the *others* only know her in her all-absorbing professional reputation. Yet, by this rule, the *reason* why her truth and veracity are not called in question must be kept a secret from the jury. With regard to other persons, a prurient imagination—a spirit of romantic exaggeration, a humorous levity, may all be suddenly visited upon an honest man, or virtuous woman, and fix upon them different shades of discredit.

We do not contend that all the different shades of bad character for chastity, are to be shown as impeaching evidence ; but simply for the rule that prevails in Massachusetts, namely, the right to prove notorious professional prostitution. *Com.* v. *Murphy,* 14 Mass. 387.

*A. Keyes,* for plaintiff, contended, that the overseer was properly admitted as a witness, as the filing of the certificate by him was an official act, in behalf of the town, not rendering him personally liable, but leaving him upon the footing of other inhabitants of the town, made competent witnesses by statute.

He also contended that the proffered evidence of notorious prostitution was properly rejected, as impeaching testimony, and cited 1 Stark. Ev. 146 ; *Jackson* v. *Lewis,* 13 Johns. R. 504 ; *State* v. *Moore,* 13 Pick. 194 ; *Moore* v. *Pineo,* 4 Vt. R. 281 ; *State* v. *Smith,* 7 Vt. R. 142.

The opinion of the court was delivered by

BENNETT, J, — We think no objection can be raised as to the competency of the overseers of the poor of Guilford as witnesses, which would not apply to other inhabitants of the town. If they have an interest, it is but a corporate one ; and such an objection is removed by statute.

The evidence of common prostitution is not admissible to impeach the character of Esther Spears, as a witness. After two direct decisions upon this very point in our own courts, founded, as I think they are, upon authority, the question cannot be considered, with us, as an open one, whatever the decisions may have been in some of our sister states. See Greenl. Ev. 512, 513, and n. 3.

This prosecution, it is well settled, is but a civil action, the object of which is to obtain an order of filiation. It is not a case in which the statute has required a minute of the true day, month and year when the complaint was exhibited.

The result is, there is no error in the proceedings of the county court.