## Commonwealth *vs.* Hollis K. Churchill.

Evidence that a female witness is a common prostitute is not admissible for the purpose of impeaching her credibility.

The case of *Commonwealth* v. *Murphy*, 14 Mass. 387, overruled.

The defendant was indicted, on the Rev. Sts. *c.* 130, § 4, for lewdly and lasciviously associating and cohabiting with Lavinia Cash. At the trial in the court of common pleas, before *Cushing*, J. the said Lavinia testified in behalf of the Commonwealth, and the defendant, in order to impeach her testimony, offered to prove that she then was, and for ten years next preceding had been, a common prostitute, and obtained her living, in whole or in part, by the prostitution of her person for hire and gain. The judge ruled that the offered proof was inadmissible, and excluded it. The jury found the defendant guilty, and he alleged exceptions.

*B. F. Butler*, for the defendant. It was distinctly adjudged, in *Commonwealth* v. *Murphy*, 14 Mass. 387, that the evidence, which was offered in the present case, was admissible. See also *Wormstead's case*, 2 Dane Ab. 517. *Commonwealth* v. *Moore*, 3 Pick. 196. *Evans* v. *Smith*, 5 Monr. 365.

*Nelson*, (District Attorney,) for the Commonwealth, declined to argue the question.

Shaw, C. J. This case presents the direct question, whether

evidence is admissible to impeach the credibility of a female witness, which tends to show that she is, and for some time has been, a common prostitute, and has obtained her living, in whole or in part, by the prostitution of her person for gain.

The only reported case, in which it has been held that such evidence is admissible, is *Commonwealth* v. *Murphy*, 14 Mass. 387. It was a decision made in the course of a capital trial, and probably without much time for deliberation, or reference to authorities. It was followed, we think, with some doubt and hesitation, in a few other cases not reported. It is referred to in *Commonwealth* v. *Moore*, 3 Pick. 196, and spoken of as a relaxation of the general rule, which confines the impeaching testimony to the general character of the witness for veracity. We consider it as a deviation from the established rule of the common law on the subject. It has been regarded, by judges of this Commonwealth, with disapprobation, and has not been adopted by the courts of other States. See *Jackson* v. *Lewis*, 13 Johns. 504. *Bakeman* v. *Rose*, 14 Wend. 105, and 18 Wend. 146. *Morse* v. *Pineo*, 4 Verm. 281. *The State* v. *Smith*, 7 Verm. 141. *Spears* v. *Forrest*, 15 Verm. 435. It is not required by any strong considerations of fitness or expediency, and cannot be regarded as having acquired the force of a settled rule of law. We are therefore of opinion that the decision of the judge, in rejecting the evidence tendered, was correct.

*Exceptions overruled.*