## THOMAS MERRIMAN *v.* THE STATE.

EVIDENCE. *Impeaching witnesses confined to general character.* It is error to permit an impeaching witness, over the objection of the opposite party, and, on direct examination, to prove as a fact that a female witness, sought to be impeached, had had bastard negro children.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. J. M. QUARLES, J.

W. G. BRIEN, Sr., for Merriman.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Thomas Merriman, the plaintiff in error, having been convicted of murder in the second degree, and sentenced to ten years' confinement in the penitentiary, has appealed in error.

On the trial, the State introduced only one witness who was present at the killing. The defendant, in order to break the force of the testimony, examined a woman who testified that in a conversation held by her with the witness on the night after the alleged murder, the witness said to her that he did not see the killing. The State, in rebuttal, produced several witnesses who were permitted, over the objections of the defendant, to testify that the female witness was a woman of bad character, unworthy of credit, and that she had had bastard negro children. This is assigned as error.

In this State, it is settled that the inquiry into the credibility of a witness involves the whole moral character, and that the proper interrogatories are, whether the witness knows the general reputation of the person whose credibility is in question, what that reputation is, and whether, from such knowledge, the witness would believe that person on oath. *Ford* v. *Ford*, 7 Hum., 92; *Gilliam* v. *State*, 1 Head, 38. The other party may cross-examine the witness as to his means of knowledge, and the grounds of his opinion. The examination must be confined to general reputation, and must not be permitted as to particular facts, for every man is supposed to be capable of sup-

porting the one, while he could not be expected to answer the other without notice. 1 Gr. Ev., sec. 461. There has been some doubt whether evidence of common prostitution was not admissible to impeach a female witness. In an early case in Massachusetts, the witness was permitted to be attacked by proving that she was notoriously a prostitute, and the mother of bastard children. *Commonwealth* v. *Murphy*, 14 Mass., 387. In the notes to 1 Phil. on Ev., the learned annotators speak of this decision as entirely anomalous. Note 531. And it has been expressly overruled by the same court in *Commonwealth* v. *Churchill*, 11 Met., 538. Unchaste character has been considered admissible in one State (*Evans* v. *Smith*, 5 Mon., 363), and inadmissible in another, (*Spears* v. *Forrest*, 15 Verm., 435.) The sounder rule is to confine the impeaching examination in chief to the general interrogatories, leaving the other party to inquire into the witness' means of knowledge and grounds of opinion, if he sees proper.

The court erred in allowing the impeaching witnesses, over the objection of the defendant, to prove as a fact, on their direct examination, that the witness sought to be impeached had had bastard negro children, and for this error the judgment must be reversed, and the cause remanded for a new trial. It is not necessary to consider the other assignments of error.