**Cyril Lee WALDEN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 13, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Richard L. Banks, Cleveland, for appellant.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

OPINION

TATUM, Judge.

Appellant was convicted of rape by a jury in the Criminal Court of Bradley County

and sentenced to serve 10 years in the State Penitentiary. We must affirm the conviction.

Appellant has made three assignments of error, none of which tests the sufficiency of the evidence. However, the assignments of error can be better understood if we briefly summarize the facts.

The victim and her boyfriend, both teenagers, ran away from their home in Kentucky about one month before this offense was committed. They had been to Florida and were traveling back through Bradley County, Tennessee in complete poverty. Their automobile quit running in Bradley County where they met appellant and he gave them assistance with the automobile. These three parties then drove around on the back roads in appellant's car and drank a six-pack of beer. Appellant stopped the car and induced victim's boyfriend to walk off down the road looking for a part of the automobile that had been supposedly lost. When the boyfriend left, appellant advanced upon the victim but she escaped through the back window of the car and ran off into the woods. After the episode in the woods, she found her boyfriend and they returned to appellant's car. Appellant then drew a knife on these parties and ordered the boyfriend to leave. Being afraid, the boyfriend left but went to a farmer's home and telephoned the police. After the boyfriend left, appellant raped the victim coercing her with the knife. After the rape, but before the victim left the scene, the police appeared and subsequently appellant was located and arrested. Appellant offered no proof in the case.

The first assignment of error is aimed at the action of the Trial Judge in excusing for cause certain prospective jurors who stated on their voir dire examination that they would not consider the testimony of a female witness who had voluntarily engaged in illicit sex practices. These prospective jurors made these statements in response to questions asked by the District Attorney General, who first informed the jurors that the victim would testify that she had been traveling with her boyfriend prior to this occurrence and had willingly had sexual intercourse with him.

The general rule is expressed in 50 C.J.S. *Juries* § 246(c) (1947):

"A juror is properly excluded who will not accord to the testimony of a particular class of persons or to a particular person the weight to which it is legally entitled."

In *Green v. State*, 147 Tenn. 299, 247 S.W. 84 (1922), a juror, after having been sworn, arose and stated that he did not believe that a Christian should have anything to do with punishing people and that he would not convict the accused but would leave his punishment to God. The Trial Judge discharged this juror and selected another. In affirming this action, the Supreme Court acknowledged that when a juror confesses to an incurable prejudice which disqualifies him from exercising the functions of a juror or acting impartially as between the parties a continuance of the trial would be a farce as it would be impossible to obtain a fair and impartial verdict.

■ Appellant pleaded not guilty and did not set up any defense based on a theory that the victim had given consent to the act of sexual intercourse. Therefore, the provisions of T.C.A. 40–2445 would not be applicable in this case to impeach or discredit a rape victim. This code section provides that prior consensual sexual activity of a rape victim cannot be shown in evidence unless the defendant claims that the female consented to the sex act. This code section was enacted to protect the female victim from unnecessary embarrassment. When the District Attorney told the prospective jury panel of the prior sex acts of victim and her boyfriend, this could not have prejudiced appellant. The general rule is that unchastity of a witness alone will not impeach her. This fact alone does not warrant the jury in completely disregarding the testimony of such witness. In *State v. Jones*, 215 Tenn. 206, 385 S.W.2d 80 (1964), it was held that a witness could be asked whether she had worked as a "call girl" for the purpose of discrediting her. The term "call girl" connotes that a person is a pro-

fessional prostitute. Evidence of non-commercial, non-felonious and private sex acts will not impeach or discredit a witness's testimony and such evidence is not admissible for that purpose. *Merriman v. State*, 71 Tenn. 393 (1879).

■ The prospective jurors were not qualified as jurors in this case if they could give no weight to the testimony of a male or female who had engaged in prior sex acts. They could not render a true verdict on all of the law, and the evidence. The Trial Judge properly excused these prospective jurors peremptorily. Both the defendant and the State are entitled to a fair trial by unbiased jurors and it is the duty of the Trial Judge to discharge any juror who for any reason cannot or will not do his duty in this regard. *Boyd v. State*, 82 Tenn. 161 (1884). The prosecutor had a right to ask these jurors if they would completely disregard the testimony of the victim under the circumstances of this case. The State could not have been afforded a fair trial had he not done so. T.C.A. § 40–2507 is not contrary to this holding.

Assignment of Error No. I is overruled.

■ The second assignment of error complains that the Attorney General, in final argument, was permitted to comment on the fact that the appellant did not testify.

Appellant gave a written statement to police officers in which he admitted many of the occurrences of the time when the rape allegedly took place. However, he denied having sexual intercourse. In the final argument, the District Attorney General quoted portions of the appellant's written statement that he contended supported the State's theory. The District Attorney General was arguing that the statement did not explain these events that he contended supported the State's theory. On one occasion, the District Attorney General expressly stated, "No explanation *in this statement* as to why——". Shortly thereafter, he quoted another portion of appellant's signed statement to the jury that he thought supported the State's theory, at which time he simply stated, "No explanation". Thereupon,

counsel for appellant objected on the grounds that the District Attorney General was commenting on his client not testifying and the District Attorney General again said, "There is no explanation *in this statement*". He continued to argue on this same subject but thereafter expressly said, "There is no explanation *in this statement*". (Emphasis supplied)

We do not interpret the argument of the District Attorney General as being a comment on appellant's failure to testify at the trial. This was a reference to admissions made by appellant in the signed statement which the State contended was of such nature the appellant would have ordinarily explained in the statement. This is not prohibited. *See, Conner v. State*, 531 S.W.2d 119 (Tenn.Crim.App.1975); *Wright v. State*, 512 S.W.2d 650 (Tenn.Crim.App. 1974); *Holder v. State*, 490 S.W.2d 170 (Tenn.Crim.App.1972). Moreover, the Trial Judge charged the jury that appellant's failure to take the stand could not be considered as an admission of guilt or as evidence against him.

Assignment of Error II is overruled.

■ The Trial Judge charged the jury in part as follows:

"Rape. Rape is the unlawful carnal knowledge of a woman, forcible and against her will.

To authorize a conviction of rape, the jury must believe from the evidence, beyond a reasonable doubt, that the defendant had carnal knowledge of the *victim*, forcible and against her will, and that she did not yield herself willingly during any part of the act." (Emphasis supplied)

Appellant complains of the Trial Judge using the word "victim" as above indicated. Appellant insists that this was reversible error because it was his theory that the woman was not raped and was therefore not a "victim". This was the only time during the Trial Judge's charge that he referred to the female as being a "victim". However, the Court was using the word "victim" in context with the general definition of the crime of rape and he was not instructing the jury that the female was in

fact raped. The Court subsequently charged the jury that a penetration of the female organ by the male organ was essential and that this must be accomplished with force and against the consent of the female. In viewing the charge as a whole, it is apparent that the jury could not be misled by the Trial Court's employment of the word "victim" in this instance. If this was error, it was harmless. (T.C.A. § 27–117)

It results that all of the assignments of error are overruled and the judgment of the Trial Court is affirmed.

WALKER, P. J., and GALBREATH, J., concur.