STATE of Tennessee, Appellee,

v.

Jerry Richard LIVINGSTON, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

June 6, 1980.

Permission to Appeal Denied by Supreme Court Sept. 22, 1980.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Franklin, for appellee.

Sam E. Wallace, Nashville, for appellant.

## OPINION

WALKER, Presiding Judge.

In a two count presentment returned by the Williamson County grand jury, the appellant, Jerry Richard Livingston, was charged with committing the offense of burglary and being an habitual criminal. Appellant's bifurcated trial commenced on March 8, 1979, after which he was found

guilty of an attempt to commit a felony, T.C.A. sec. 39–603, and sentenced to not less than two nor more than five years' imprisonment. Likewise, at the second stage of the trial, the appellant was found to be an habitual criminal and his sentence was enhanced to life imprisonment. Livingston now appeals to this court.

■ Because T.C.A. sec. 39–603, attempt to commit a felony, is not enumerated in T.C.A. sec. 40–2802 or 40–2803 as a triggering offense to a charge of habitual criminality, we must at the outset reverse appellant's conviction of habitual criminality. See *Williams v. State*, 576 S.W.2d 766 (Tenn.Cr.App.1978).

In the appellant's first issue presented for review, he attacks the sufficiency of the convicting evidence. At trial, Tony DeMatteo testified that at about 6:00 p. m. on December 2, 1978, as he was returning to his home on Harpeth Hills Drive in the Grassland Estates area of Williamson County, he saw a car backed in between his driveway and his garage with its trunk open. DeMatteo saw one man sitting in the car behind the steering wheel and another man come out of his garage. DeMatteo then parked his car in a neighbor's driveway, summoned two neighbors for assistance and confronted the two men. In response to questions from Mr. DeMatteo, the man who came out of the garage stated that the reason he was in the garage was because he was having car trouble and was looking for some booster cables for his car's battery. The other man remained inside the car during the confrontation. DeMatteo, leaving his neighbors with the two men, then went to his open garage door, turned on the light, and noticed that a hole had been punctured in the screen door which led from his garage into his house. When DeMatteo left for work that morning, his garage door was closed and there was no hole in the screen door. DeMatteo then went to his neighbor's house and called the police. When he returned the two men, who were already walking away from the car, broke into a run and escaped. DeMatteo further testified that at the time he did not recognize the man who was inside the car. However, he described the man as having collar length hair, a mustache, and wearing a brown plaid shirt. At trial, DeMatteo testified that the appellant was the man in the car and that he knew the appellant personally. He further stated that he did not initially recognize the appellant because he had not seen the appellant in ten years, the appellant had changed his hair style, and he had gained weight. At trial, DeMatteo's two neighbors were unable to identify the appellant.

Other testimony revealed that on December 3, 1978, the appellant's wife reported to the Williamson County sheriff's office that the appellant had gone to the Grassland Estates area of Williamson County on the day before to search for a Christmas tree and had not returned. Appellant's wife gave the sheriff a picture of the appellant and stated that he was wearing a brown and orange plaid jacket. The testimony at trial further indicated that Mr. DeMatteo picked appellant's picture out of a group of five photographs as the man in the car.

The appellant did not testify nor did he present any evidence.

■ Appellant's principal contention is that there is insufficient evidence to show his identity as one of the two men who entered DeMatteo's garage. "The identity of the defendant as the person who committed the offense for which he is on trial is a question of fact for the determination of the jury, upon consideration of all the competent proof." *Byrge v. State*, 575 S.W.2d 292 (Tenn.Cr.App.1978). In light of Mr. DeMatteo's eyewitness identification of the appellant, we find sufficient evidence to justify a rational trier of fact in finding appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

This issue is without merit.

■ Next, the appellant contends that the trial judge erred in dismissing a regular juror and replacing him with an alternate juror during the course of the trial. After Mr. DeMatteo's testimony was completed, it

was revealed that one of the regular jurors was a friend of the appellant's uncle. In response to questioning by the trial judge, the juror stated that he would make an effort to remain fair and impartial, despite his relationship with appellant's uncle. When asked whether he could do more than just make an effort, the juror responded that he did not know how to answer the question but thought he could be fair. "Both the defendant and the State are entitled to a fair trial by unbiased jurors and it is the duty of the Trial Judge to discharge any juror who for any reason cannot or will not do his duty in this regard." *Walden v. State*, 542 S.W.2d 635 (Tenn.Cr.App.1976). In view of the juror's inability to unequivocally state that he could be fair and impartial, we find that his dismissal was proper. Rule 24(e), Tenn.R.Crim.P.

◼ Next, the appellant claims that the trial judge erred in admitting hearsay statements into evidence. The sheriff of Williamson County testified that he showed DeMatteo a group of five photographs and that DeMatteo identified a picture of appellant as the man in the car. This evidence, although hearsay in nature, *Blankenship v. State*, 1 Tenn.Cr.App. 178, 432 S.W.2d 679 (1967), was not objected to. Appellant complains that it was error for the sheriff to testify that DeMatteo, when he viewed the picture, said, "Hell, that's Jerry Livingston." This evidence was likewise hearsay and its admission error. However, in the context of this case, the error was harmless. Rule 36(b), Tennessee Rules of Appellate Procedure.

◼ In appellant's next issue presented for review, he claims that the sheriff of Williamson County interjected prejudicial remarks during the course of his testimony. Appellant complains of the following colloquy which took place during the cross-examination of the sheriff:

"Q So what we're saying, Sheriff, when we sum it all up—the only thing that you have that points to this man here, is the identification of Mr. DeMatteo?

A No, sir.

Q That's all—have you proved anything else, Sheriff?

A I haven't been able to get everything in the case, sir.

Q I say have you proved anything else, Sheriff?

A No, sir."

We find nothing prejudicial in the response to appellant's attorney's questions. This issue is without merit.

◼ Next, the appellant complains that the prosecutor erred in commenting during his closing argument on the appellant's failure to testify. The record, however, reveals that the prosecutor merely commented upon the fact that no proof whatsoever was presented by the appellant. This type argument does not constitute a comment on appellant's failure to testify. *Taylor v. State*, 582 S.W.2d 98 (Tenn.Cr.App.1979).

This issue is without merit.

Affirmed as to the conviction for attempt to commit a felony and reversed as to the habitual criminal charge.

DAUGHTREY and SCOTT, JJ., concur.