STATE of Tennessee, Appellee,

v.

Linda Faye SHELLEY, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 26, 1981.

Permission to Appeal Denied by the Supreme Court Nov. 30, 1981.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, R. Jerry Beck, Stanley Allen Kweller, Asst. Dist. Attys. Gen., Blountville, for appellee.

Craig H. Caldwell, Jr., Bristol, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Linda Faye Shelley, was convicted in the Criminal Court of Sullivan County of five offenses of fraudulent use of a credit card, TCA 39–1954. In accordance with the verdict, she was sentenced to not less than one nor more than two years' imprisonment for each offense. The trial judge ordered three of the sentences to be served consecutively.

This is the second time this case has been before us. We dismissed the first appeal because the notice of appeal was untimely. After this, on November 14, 1980, the trial judge granted a delayed appeal and we now have that appeal for consideration.

■ In the first issue presented for review, the appellant attacks the sufficiency of the convicting evidence with regard to the one offense which was alleged to have occurred on February 1, 1978. More specifically, the appellant challenges the proof of her identity as the perpetrator of the offense. The appellant does not challenge the sufficiency of the evidence with regard to the other four offenses.

The state's proof, which the jury accredited, showed that between January 28, 1978, and February 17, 1978, ten separate purchases were made at H. P. King's Department Store in Bristol, Tennessee, on an H. P. King's credit card which had been issued to a Mrs. E. B. Easterly. In each instance, the credit card ticket was signed in the name of Mrs. E. B. Easterly. However, the proof also showed that Mrs. Easterly died sometime in 1956. The appellant was identified by store employees as having made several of the purchases and appellant's fingerprints were found on several of the charge slips.

The appellant did not testify nor did she offer any proof.

No store employee could identify the appellant as having made the purchase of February 1, 1978, and appellant's fingerprints were not found on this charge ticket. Thus, the appellant contends that the proof of her identity as having made this purchase was insufficient. We disagree.

The state's proof also showed that purchases on the account signed in the name of Mrs. Easterly were made on January 28,

1978, and on February 3, 1978. The appellant was identified by eyewitness testimony as having made both purchases and appellant's fingerprints were found on the charge ticket of January 28, 1978. The appellant's identity as the culprit could be proved by circumstantial evidence. 23 C.J.S., Criminal Law, sec. 920. The question of appellant's identity as the person who committed the offense was for the jury's determination, upon consideration of all the competent proof. *State v. Livingston*, 607 S.W.2d 489 (Tenn.Cr.App.1980). Considering the fact that appellant was positively identified as having made purchases on the credit card four days prior to and two days subsequent to February 1, 1978, and the similarities in the modus operandi of the purchases, we think the jury was justified in inferring appellant's identity as the culprit. We find sufficient evidence to justify a rational trier of fact in finding appellant guilty beyond a reasonable doubt. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Next, the appellant contends that the trial judge erred in allowing the state to introduce proof which tended to show that she committed another crime for which she was not on trial. The state presented proof that the appellant was a tenant in an apartment building owned by Mr. E. B. Easterly and that during the winter of 1978 Mr. Easterly's apartment in the building was burglarized and the Easterly credit card was stolen. Proof of other crimes should not be admitted if its prejudicial effect outweighs its probative value. *State v. Holman*, 611 S.W.2d 411 (Tenn.1981); *Bunch v. State*, 605 S.W.2d 227 (Tenn.1980). Likewise, evidence that the defendant committed another crime is admissible only if the ground for relevance is being contested in the case on trial and cannot clearly be established by other evidence. *Bunch v. State*, supra. On appeal the state contends that this proof was relevant to show that appellant had access to the credit card and to show that she did not have permission to use the card. Appellant's access to the credit card is only relevant to show appellant's identity as the user of the card. Appellant's identity was clearly established, however, by eyewitness and scientific proof. Likewise, the fact that the credit card was being used without permission could have easily been established without linking appellant to the burglary. The prejudicial effect of this evidence clearly outweighed its probative value. Nevertheless, in light of the overwhelming evidence of appellant's guilt and the minimal sentences imposed by the jury, the error was harmless. Rule 36(b), T.R.A.P.

■ In the last issue presented for review, the appellant contends that there was a fatal variance between the presentment and the proof with regard to one of the offenses which was alleged to have occurred on February 17, 1978. The presentment alleges that the appellant purchased, by use of the credit card, an Aigner leather coat from the H. P. King Company. At trial, it was revealed that the Wohl Shoe Company of St. Louis was operating the shoe department in the H. P. King's Department Store under a lease agreement with H. P. King's. The inventory in the shoe department, which included leather coats, was owned by Wohl Shoe Company. However, the H. P. King credit card could be used to purchase items in the department. From all outward appearance, it would appear that a purchase from the shoe department at H. P. King's would, in fact, be a purchase from H. P. King's. Any variance in this case could not have misled the appellant and thus it is not material. *Johnson v. State*, 596 S.W.2d 97 (Tenn.Cr.App.1979).

Finding all issues to be without merit, we affirm the judgment.

SCOTT, J., and ARTHUR C. FAQUIN, Special Judge, concur.