# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY, 1998 SESSION



**FILED**

**November 9, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 02C01-9707-CR-00252 |
| | ) | |
| Appellee | ) | |
| | ) | Shelby County |
| vs. | ) | |
| | ) | Honorable Joseph B. Dailey, Judge |
| **JOE E. JACKSON,** | ) | |
| | ) | (Theft of a motor vehicle) |
| Appellant. | ) | |

FOR THE APPELLANT:

A.C. WHARTON
Shelby County Public Defender

DIANNE THACKERY
Assistant Public Defender
(At trial)

W. MARK WARD
Assistant Public Defender
(On appeal)
Suite 2-01, 201 Poplar Ave.
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

DAVID HENRY
Assistant District Attorney General
201 Poplar Ave., Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The defendant, Joe E. Jackson, appeals from his convictions in the Shelby County Criminal Court for unlawfully and knowingly obtaining a motor vehicle valued at more than a thousand dollars but less than ten thousand dollars and for unlawfully and knowingly exercising control over the same vehicle.[1] The trial court entered judgment only on the first count of the indictment and sentenced the defendant to serve twelve years in the Department of Correction as a career offender. In this appeal, the defendant contends (1) that the evidence presented at trial is insufficient to identify him beyond a reasonable doubt as the person who committed the offense and (2) that the jury's dual findings of guilt violate double jeopardy principles. We affirm the defendant's conviction for theft under the first count of the indictment and dismiss the second count.

On July 31, 1996, Joyce Carter parked her automobile, a 1993 Buick Century, in the parking lot at her place of employment. At about 3:00 p.m., Rodney Jenkins, a fellow employee, who was leaving work, watched as two men left the parking lot in Carter's vehicle. Jenkins recognized the automobile as belonging to Joyce Carter, and he knew Carter's husband. The Buick passed within eight feet of Jenkins, and he paid particular attention because he realized that the driver was not Carter's husband. He described the driver as a black male weighing about 165 to 185 pounds with a light brown complexion and wearing a dark colored T-shirt and a white hat. The next day the police recovered the automobile. Although it had been "burnt to a crisp," the police were able to identify it through its VIN number, and Carter recognized some of her belongings which had not been completely destroyed.

Approximately one month later, on August 30, 1996, some of Carter's co-workers noted that two strange men were walking around in the parking lot and pointing to various cars. Jenkins went to the parking lot to observe the men, and he recognized one of them as the man who drove Carter's automobile out of the parking

---

[1]      See Tenn. Code Ann. § 39-14-103 (1997).

lot. When the police arrived, Jenkins positively identified the defendant as the person who had previously removed Carter's automobile from the lot.[2]

The grand jury returned a two count indictment. In the first count, the indictment charged that on July 31, 1996, the defendant "did unlawfully and knowingly obtain property, to wit: a motor vehicle . . . without the effective consent of Joyce Carter with intent to deprive the owner thereof. . . ." The second count charged the defendant with unlawfully and knowingly exercising control over the same vehicle. The jury found the defendant guilty on both counts of the indictment.

First we consider whether the evidence presented at trial is sufficient to prove beyond a reasonable doubt that the defendant is the person who committed the offense charged in the indictment.

In Tennessee, appellate courts give great weight to the result reached by a jury in a criminal trial. A jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilty removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of demonstrating why the evidence is insufficient, as a matter of law, to support the verdict. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

---

[2]     The appellant did not testify nor did he offer any evidence on his behalf.

3

The identity of the accused as the person who committed the offense for which he is on trial is a question of fact for the jury. State v. Williams, 623 S.W.2d 188, 120 (Tenn. Crim. App. 1981); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The record before us indicates that Rodney Jenkins stood within eight feet of the defendant during daylight hours. He testified that he paid particular attention to the driver of the vehicle when he realized that the man was not the owner's husband. He was able to describe the driver as a black male with a light brown complexion who was wearing a dark T-shirt and a white hat with some writing on it. A month later, Jenkins again saw the defendant in the same parking lot. He was wearing the same hat and Jenkins recognized him at once. The arresting officer testified that Jenkins identified the defendant without hesitation. Jenkins also positively identified the defendant at trial. Questions of credibility are for the jury, and the jury believed Jenkins' testimony. We find that the evidence is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was the man who drove the stolen Buick from the parking lot. See State v. Williams, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981) (victim's testimony, by itself, is sufficient to support a conviction); State v. Livingston, 607 S.W.2d 489, 491 (Tenn. Crim. App. 1980) (eyewitness identification sufficient to support conviction).

In his second issue, the defendant contends that his two convictions for theft violate double jeopardy principles. The state agrees that only one conviction may stand.

The grand jury indicted the defendant both for unlawfully and knowingly obtaining a motor vehicle belonging to Joyce Carter and for unlawfully and knowingly exercising control over that same motor vehicle. The jury found the defendant guilty on both counts. At the hearing on the defendant's motion for new trial, the trial court and both counsel agreed that one of the convictions had to be dismissed. The trial court, however, was reluctant to dismiss either charge because he was uncertain which count should be retained and which should be dismissed. The record before us contains only one judgment. According to this judgment, the defendant was convicted

4

on count one of theft of property valued at more than $1000 in violation of Tennessee Code Annotated section 39-14-103.

We agree that the second count should be dismissed. The evidence in the record is sufficient to prove beyond a reasonable doubt that the defendant "unlawfully and unknowingly obtained a motor vehicle worth more than a $1000 but less than $10,000 without the consent of Joyce Carter, the owner," and that he acted with the intent to deprive the owner of her automobile.

Accordingly, we affirm the defendant's conviction for theft of property valued at more than $1000 but less than $10,000 as charged in the first count of Indictment No. 96-13935. The disposition of the second count of that indictment was never reflected in a judgment. The second count is dismissed.

_____
CURWOOD WITT, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
ROBERT W. WEDEMEYER, Special Judge

5