BILLY L. DIX, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.
—472 S.W.2d 243.

July 20, 1971.

Certiorari Denied by Supreme Court October 4, 1971.

414

Marvin B. Gambill, Memphis, for plaintiff in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Don Dino, Assistant District Attorney General, Memphis, for defendant in error.

GALBREATH, J. The plaintiff in error appeals from a conviction in the Shelby County Criminal Court of assault and battery with intent to unlawfully fondle a child under the age of twelve (12) years and the judgment of the court on the verdict of the jury fixing punishment at five (5) years in the penitentiary.

We previously reversed a conviction for crime against nature by inserting the penis into the anus of the victim, a five year old son of the defendant, because the evidence adduced at the trial of that cause did not prove penile penetration, but on the contrary proved that such penetration could not have occurred as theorized by the prosecution. Subsequently the State proceeded to trial on the second count of the indictment charging the crime for which the defendant stands convicted.

A number of assignments of error are presented. We deal first with a proposition that not only forces reversal but dismissal of the case as it now stands.

There is some division among members of the panel of judges considering this case as to the issue of double jeopardy raised by one of the assignments of error. The isolated view of the writer is that a verdict of the jury

on the greater offense charged in a multiple count indictment does not necessarily amount to an acquittal of the charges contained in other counts that are not resolved by the jury verdict, while it is the contention of Judges Walker and Russell that a special verdict upon a single count of such an indictment gives the effect of an acquittal on other counts not so resolved. Support for the latter view is found in such cases as Harvey v. State, 213 Tenn. 608, 376 S.W.2d 497; Franklin v. State, 202 Tenn. 666, 308 S.W.2d 417; Asbury v. State, 178 Tenn. 43, 154 S.W.2d 794; French v. Sate, 159 Tenn. 451, 19 S.W.2d 276; State v. Abernathy, 153 Tenn. 441, 284 S.W. 361; Campbell v. State, 17 Tenn. 335; 5 Wharton's Criminal Law and Procedure, (Anderson) Sec. 2199, p. 322; and is acknowledged to be the majority position taken by the appellate courts in Tennessee.

Persuasive to me, and not directly in conflict with the cases cited above in my sole opinion, is the principle laid down in such cases as Usary v. State, 172 Tenn. 305, 112 S.W.2d 7, which reiterates the rule from Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794:

" '4. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act.' " Usary v. State, 172 Tenn. at 315, 112 S.W.2d at 10.

*Usary* involved a two count indictment charging driving under the influence of an intoxicant and reckless driving, and it was held that an acquittal on the drunk driving count did not bar a prosecution on the reckless driving count at a subsequent trial, the first jury not having agreed on a verdict one way or the other on the latter count.

■■ In the case sub judice it would seem that the acts alleged in the indictment were, as in Usary, *supra,* committed at the same time but that they consisted of two separate offenses. The defendant could conceivably have achieved penetration without any degree of manual fondling of the child, or he could have fondled the boy's privates without penetration of his anus. It is nevertheless the majority opinion, and the holding here, that the trial court lacked jurisdiction under the doctrine of autrefois acquit. It is abundantly clear that this defense, if valid, may be raised for the first time as here on appeal. See Fry v. State, 98 Tenn. 323, 39 S.W. 231. It is hoped for the sake of clarity that a decision from our Supreme Court will at some early time resolve the issue that I, at least, feel confronts the courts in the overall problem discussed here.

Although reversal must result from the status of the case discussed above, it is in order for us to pass upon the remaining assignments of error; and we now proceed to do so with unanimity.

■ We find no error in the admission of medical testimony as to the injuries sustained by the victim.

■■ Without merit also are the assignments of error challenging the sufficiency of the evidence. We sustain the trial judge in his ruling that the victim, who was seven years of age at the time of the trial, was competent as a witness; and his proof to the effect that the defendant stuck something up his bottom, coupled with testimony of his mother and others as to his condition that night when blood was observed in the anal cavity, although disputed by the defendant, raises a direct issue of fact for resolution by the jury. Although the conviction must be reversed, we cannot say that the competent evidence admitted for consideration of the jury preponderates against its verdict.

■ During cross examination of the mother of the victim, the estranged wife of the defendant who was at the time of the alleged crime involved in bitterly contested domestic relations litigation with the defendant, she testified that she had never heard of a person named Herman Hallauer, Sr. Later the same question was asked Mrs. Dix's son born to her prior to the marriage to the defendant; and he also denied any knowledge of such a person, but admitted under further interrogation that the person known as Herman Hallauer was his father and was listed on his birth certificate as such. The trial judge ruled that the defense could not call the aforementioned Herman Hallauer as a rebuttal witness to impeach the credibility of Mrs. Dix. Any error involved here under the disposition we make of the appeal is moot, although it seems fairly obvious that the witness was suspected of testifying falsely as to her intimacy with Mr. Hallauer to cover up conduct the defense considered sexually improper on her part that may or may

not have reflected on the weight the jury gave to her testimony.

■ Another assignment of error would force reversal of this case and presents in classic form the issue involved in admitting, over objection, evidence of other criminal activity on the part of the defendant. A 19 year old step-son of the defendant was permitted to testify that some five years before, the defendant who was on trial for sexually fondling his own five year old son offered to commit fellatio on the witness.

Counsel for the State made no bones about why this evidence was offered. In a candid discussion outside the presence of the jury, the Assistant District Attorney said during successful argument:

"It is material to show that this man is charged with assault and battery with intent to fondle his own blood child. It is hard for these twelve Gentlemen of the jury to conceive of such a thing. It is such a case that I feel that what this witness would testify to goes to show that this defendant has done things in the past that have sexual tendencies out of the ordinary. It shows that when the mother of this child swore out this warrant that it was not done out of bitterness, that this man has in the past shown these tendencies. It shows a pattern, an urge, a scheme, or devise. It shows that he has had these tendencies in the past. He has exhibited them. That this trial today arises from the type of person he is and has been in the past. I think it is very material that this witness be allowed to testify to the question I am going to put to him."

Following futile argument from defense counsel to the effect that the remote past acts of the defendant would have no bearing on the case at hand, Judge Colton allowed the testimony.

There are a number of obvious reasons why the admission of this highly prejudicial testimony constitutes reversible error. If the incidents happened, they were literally years apart. The victim in the present case was not even alive when the first incident occurred, so there could hardly be any scheme or intent at the time the first occurred to fondle the anus, as suggested by the State. The acts themselves are about as dissimilar as acts of perversion can be, and how the request to commit fellatio on a teen-age boy suggests the inserting of an object into the anus of a five year old child is not apparent, except for the inference pointed out by counsel for the State that a person who would do either act would likely be the kind of person who would commit the other. It is the improper suggestion of exactly this type of prejudicial conclusion that has given rise to the long established rule of evidence in criminal prosecutions that proof of a prior unlawful act is not admissible at the trial of one accused of a separate and unrelated crime. They are discussed in a number of decisions of our Supreme Court, including Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523:

> "It is generally agreed that evidence of other crimes by defendant is not admissible merely to prove his disposition to commit such a crime as that on trial; but such evidence is admissible when it is relevant to prove some other material issue on trial; for instance, when it tends to establish (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme

or plan for commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of defendant on trial. Morgan, *supra*; Harris v. State *supra*; Woodruff v. State, *supra*."

█ It will be noted that the purpose for which the Assistant District Attorney asked the trial judge to admit the evidence against the defendant, i. e., "to prove his disposition to commit such a crime as that on trial," is the exact thing the rule of evidence came into existence to prevent. Guilt by innuendo, guilt by reputation, guilt by presumption based on past wrong doing, is nebulously fixed at best; and the inferences are difficult to rebut. To allow such evidence would place a defendant in the untenable position of having to defend himself against an accusation not set out in the indictment, a primary purpose of which is to acquaint one accused of crime of the nature of the charges against him. In spite of this hardship, if the evidence of past wrong is relevant to the issues under investigation, it is admissible. Carroll v. State, *supra*. Since in this case its only purpose and effect was to show propensity to commit acts of sexual deviation, it was plainly inadmissible. If the presumption of innocence is to have valid meaning, it cannot be lacerated by the presumption of guilt that comes to a reasonable mind when confronted with proof that the accused is the type of person who, based on past conduct, would do the sort of thing of which he stands accused.

The admission of the subject incompetent testimony is not allowed under any of the exceptions to the rule known to us. For an excellent and exhaustive treatment of this point of law we recommend reference to People v.

Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193. In its opinion, which reads as interestingly as a murder mystery novel, the New York high court discusses the historical basis for the rule, contrasting it to the Continental rule which admits such evidence and the logical inferences flowing therefrom as legitimate aids to the judicial investigation along with a presumption of guilt. Also probed in illustrative detail in the lengthy decision are all the possible exceptions to the rule with the reasons bringing them about. Our own Supreme Court's Mays v. State, 145 Tenn. 118, 238 S.W. 1096, is based in large measure on *Molineux*, as are the cases that, in turn, are based on *Mays*. See Woodruff v. State, 164 Tenn. 530, 51 S.W.2d 843; Harris v. State, 189 Tenn. 635, 227 S.W.2d 8; Jones v. State, 200 Tenn. 553, 292 S.W.2d 767; Sims v. State, 208 Tenn. 615, 348 S.W.2d 293; and the many others that all hold for the general rule that proof of crime other than that for which the accused is on trial is inadmissible.

The judgment is reversed and the indictment dismissed, it appearing that the State has abandoned prosecution on the first count charging a crime against nature, and prosecution now being barred by autrefois acquit on the count upon which this conviction was based.

Walker and Russell, JJ., concur.