**STATE of Tennessee, Plaintiff,**

v.

**Roy Acton BURCHFIELD, Defendant.**

Supreme Court of Tennessee, at Knoxville.

Jan. 30, 1984.

---

**2.** T.C.A. § 39-2-203(i)(2).

**3.** T.C.A. § 39-2-203(i)(5).

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, of counsel, for plaintiff.

Roy Acton Burchfield, pro se.

## OPINION

DROWOTA, Justice.

We granted Defendant's Rule 11 application for permission to appeal in order to determine whether the trial court erred in denying the Defendant's motion for a severance of two counts in the indictment, pursuant to Rule 14, Tennessee Rules of Criminal Procedure. Rule 14(b)(1), Tenn.R.Crim.P., reads as follows:

> If two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant *shall have a right to a severance* of the offenses *unless the offenses are part of a common scheme or plan and the evidence of one would be*

*admissible upon the trial of the others.* (Emphasis added.) [1]

The primary inquiry into whether a severance should have been granted under Rule 14 is whether the evidence of one crime would be admissible in the trial of the other if the two counts of the indictment had been severed. The Court of Criminal Appeals found a common scheme or plan was executed by the Defendant and therefore the evidence of one crime would necessarily be admissible on the trial of the other and a severance was accordingly not warranted.

On June 6, 1981, the Defendant, Roy Acton Burchfield, was indicted for the aggravated rape of his daughter, Nina Lynn Burchfield. On July 6, 1981, the Defendant was reindicted for this same charge, adding a second count of unlawful carnal knowledge of his stepdaughter, Hazel Burchfield (Ray).

On November 9, 1981, the Defendant filed a motion for severance of the two counts of the indictment for separate trials, because the two acts occurred more than ten years apart. The trial judge refused to grant the Defendant's motion to sever.

At the trial of this cause Nina Lynn Burchfield, age twelve, testified that in late December 1980, when she was eleven, her father had sexual intercourse with her. Hazel Burchfield (Ray), age twenty-two at the time of trial, testified that in 1969, when she was ten, and again in 1970, when she was eleven, she had sexual intercourse with her stepfather, the Defendant. The Defendant, age fifty-one, denied having sexual contact with either his daughter or stepdaughter.

The Defendant was convicted under the first count of the indictment for the aggravated rape of his daughter, and received a sentence of thirty-five years in the state penitentiary. He was convicted under the second count for the unlawful carnal knowledge of his stepdaughter and received a sentence of twenty-five years in the state penitentiary. The court ordered the sentences to be served concurrently.

Generally, evidence of other crimes or bad acts wholly independent of the crime for which the Defendant is on trial, even though a crime or act of the same character, is irrelevant and inadmissible. *Bunch v. State,* 605 S.W.2d 227, 229 (Tenn.1980); *Lee v. State,* 194 Tenn. 652, 654, 254 S.W.2d 747 (1953); *Mays v. State,* 145 Tenn. 118, 140, 238 S.W. 1096, 1102 (1921); See D. Paine, *Tennessee Law of Evidence,* § 3 p. 2 (Cum.Supp.1981).

In *Bunch v. State, supra* at 229, this Court noted the exceptions to the general rule.

However, if evidence that the defendant has committed a crime separate and distinct from the one on trial, *is relevant* to some matter actually in issue in the case on trial and if its probative value as evidence of such matter in issue is not outweighed by its prejudicial effect upon the defendant, then such evidence may be properly admitted.

On occasions, evidence of crimes other than that on trial has been admitted as being relevant to such issues on trial as [1] motive of the defendant, [2] intent of the defendant, [3] the identity of the defendant, [4] the absence of mistake or accident if that is a defense, and, rarely, [5] the existence of a larger continuing plan, scheme, or conspiracy of which the crime on trial is a part. *Collard v. State,* 526 S.W.2d 112 (Tenn.1975); *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963); Rule 404(b), *Federal Rules of Evidence;* Rule 404, *Uniform Rules of Evidence; McCormick on Evidence* § 157 (1954).

In affirming the trial court's action in denying a severance, the Court of Criminal Appeals held: "In this case there obviously was a common scheme or plan executed by the appellant to have sexual relations with the little girls living in his home. In cases

---

1. Rule 8(b), Tenn.R.Crim.P., states that two or more offenses may be joined in the same indictment "if the offenses constitute parts of a common scheme or plan or if they are of the same or similar character."

involving sex crimes, particularly abnormal sexual practices, the modern trend is to admit evidence of disposition."

■ Tennessee has not adopted a general sex crimes exception although several courts, in dictum, have discussed such an exception.[2] In *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963), the defendant broke into two apartments located on either side of his wife's apartment and raped the two women living there. On prosecution for the first rape, the defendant argued that he broke and entered these apartments by mistake thinking each was the apartment where his wife had lived and that he meant to enter his wife's apartment to retrieve his clothes and personal effects which he thought were still there. Speaking for the Court, Justice Felts held that the evidence of the second subsequent attack was admissible because: the two rapes were so closely related in time and circumstances that proof of one tended to elucidate and establish the other; the second rape tended to establish motive and criminal intent; and the second rape also negated the claim of mistake or accident. By way of dictum the Court stated: "The admissibility of her testimony might well be rested upon even another ground: that it tended to prove a pattern of sexual perversion similar to that accompanying the crime on trial. As pointed out by Professor Morgan, 'in cases involving so-called sex crimes, particularly abnormal sexual practices, there is a modern tendency to admit evidence of disposition and, as proof of disposition, evidence of other offenses of the same kind' [citation omitted]." 212 Tenn. at 480, 370 S.W.2d at 530.

Eight years later in *Dix v. State,* 4 Tenn. Crim.App. 412, 472 S.W.2d 243 (1971), the Court of Criminal Appeals refused to apply the sex crimes exception. In *Dix,* the defendant was charged with anally raping his five year old son. After reversing on another ground, the Court in dictum held in-admissible the testimony of the defendant's nineteen year old stepson that the defendant had offered to commit fellatio on him five years earlier.

In *Shockley v. State,* 585 S.W.2d 645 (Tenn.Cr.App.1978), the Court of Criminal Appeals again rejected the adoption of a sex crimes exception because "we recognize the inherently inflammatory nature of this kind of evidence. Whatever the probative value of such proof on balance the danger of prejudice may require the sacrifice of relevant evidence in order to assure fairness to the criminal defendant." 585 S.W.2d at 653. The Court then cited *McCormick on Evidence* and recognized

that the problem is not merely one of pigeonholing, but one of balancing, on the one side, the actual need for the other-crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other crimes evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to over mastering hostility. Id.

We find no reason to expand the exceptions to the general rule as outlined previously in *Bunch v. State,* supra. Although some states have created a sixth category—the sex crimes exception, we are reluctant to do so.

Of the five remaining categories no question of motive, intent, absence of mistake, or identity was raised in this case.[3] The final exception argued by the State and adopted by the Court of Criminal Appeals was that of a common scheme or plan. Under Rule 14(b), Tenn.R.Crim.P., offenses may be severed by the defendant as a matter of right under Rule 14(b), unless the offenses are part of a common scheme or plan and the evidence of one would be

2. See D. Paine, *Tennessee Law of Evidence,* § 9, p. 21 (Cum.Supp.1981).

3. D. Paine, *Tennessee Law of Evidence,* § 4 Motive, § 5 Intent, § 6 Absence of Mistake or Accident, § 7 Common Scheme or Plan, § 8 Identity, pp. 9–21 (Cum.Supp.1981).

admissible upon the trial of the other. Otherwise, a severance in such a case would accomplish nothing in the way of insulating the Defendant from the evidence of the other offense.

The courts in *Shockley* and *Dix,* supra, rejected the argument that the acts were part of a common plan or scheme. In *Shockley* the court addressing the issue as one of identity, which is closely allied to the *modus operandi* aspect of the common plan or scheme exception, noted that the evidence failed "to establish a common pattern of conduct so unusual and distinctive or a method of operation so nearly identical as to make the prior assault admissible under this exception." 585 S.W.2d at 654. The *Dix* court discussed the common plan or scheme exception from another aspect— where the separate crimes are directed toward a common goal or purpose. The court pointed out that since the incidents occurred years apart and the victim in the case had not yet been born when the first incident occurred, there could hardly have been any scheme or intent when the first act occurred to commit the second. The court felt that the only purpose of the evidence was to show the defendant's propensity to commit acts of sexual deviation.

In *Mays v. State,* 145 Tenn. 118, 142, 238 S.W. 1096, 1103 (1921), the seminal case on admissibility of other crimes, this Court stated that testimony of other criminal activity was admissible "where the crime charged is part of a plan or a system of criminal action, to offer evidence of other crimes *near to it in time* and of similar character." (Emphasis added.)

The Defendant alleges that the crimes occurred more than eleven years apart and that the remoteness in time of these alleged acts would prohibit the finding of a common scheme or plan. The remoteness in time of the offenses does weaken the logical connection between the incidents. In this case the stepdaughter had intercourse with the Defendant in 1969, the same year the Defendant's daughter was born. The daughter had intercourse with her father eleven years later in December of 1980. As in *Dix,* there could hardly have been any scheme or intent when the first act occurred to commit the second offense.

We are of the opinion that the evidence of one offense would not be admissible as an exception to the general rule excluding evidence of previous offenses for the following reasons: the remoteness in time of the two offenses, the weakness of the argument of a common scheme or plan, and the inherent prejudice in a situation where the evidence seems designed more to show simple propensity rather than a true exception to the rule of inadmissibility. We, therefore, find the trial court erred in denying the Defendant's motion for a severance of the two counts in the indictment.

The judgment of the trial court and the Court of Criminal Appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.