STATE of Tennessee, Appellee,

v.

John R. HOOTEN, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

March 4, 1987.

Permission to Appeal Denied by Supreme Court June 8, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, William Barry Wood, Asst. Atty. Gen., Nashville, Kathleen Spruill, Phillip G. Harris, Asst. Dist. Attys. Gen., Memphis, for appellee.

A.C. Wharton, Jr., Shelby County Public Defender, James H. Bostick, Asst. Public Defender, Memphis, for appellant.

OPINION

DWYER, Judge.

This case comes from Shelby County. Defendant was originally indicted on November 6, 1984, for the offense of rape. On February 6, 1985, he was reindicted for aggravated rape, and for aggravated sexual battery. He was convicted by a jury of aggravated rape and sentenced to twenty (20) years in the penitentiary. He received a five (5) year sentence on the aggravated sexual battery charge, to be served concurrently. The original indictment was ultimately dismissed.

Four issues are raised for review: (1) The Shelby County District Attorney General is guilty of prosecutorial misconduct in resubmitting the indictments to the grand jury charging a greater offense after defendant declined to enter a guilty plea to the first indictment; (2) the evidence contained in the record is insufficient to support the guilty verdict; (3) it was error to allow admission of evidence of alleged prior, similar acts, remote in time for the incident for which he was charged in this case; (4) the testimony of a witness was

inadmissible as evidence of a fresh complaint by the victim.

We will now discuss issue three. We find that it was prejudicial error when the trial court admitted into evidence alleged prior, similar acts which were remote in time from the indictment for which he is charged.

The trial court permitted over objection the defendant's daughter and her childhood girlfriend to testify as to alleged, separate sexual advances by the defendant upon them. Although these incidents were alleged to have occurred five to eight years prior to the indictment offense, the State argued that the testimony was admissible to show *modus operandi*. The trial court ruled that this testimony was "admissible to demonstrate intent, lack of mistake or absence of accident, common scheme or plan, even identity." We are not in accord with the learned trial court's reasoning in this instance.

The general rule is evidence of other crimes or bad acts wholly independent of the crimes for which the defendant is on trial, even though a crime or act of the same character, is irrelevant and therefore inadmissible. *State v. Burchfield*, 664 S.W.2d 284 (Tenn.1984); *Bunch v. State*, 605 S.W.2d 227, 229 (Tenn.1980); *Lee v. State*, 194 Tenn. 652, 654, 254 S.W.2d 747 (1953); *Mays v. State*, 145 Tenn. 118, 140, 238 S.W. 1096, 1102 (1921); *See* D. Paine *Tennessee Law of Evidence*, § 3, p. 2 (Cum.Supp.1981).

In *State v. Burchfield, supra,* at 286, the Supreme Court reiterated the following recognized exceptions to the general rule:

Motive of the defendant;

Intent of the defendant;

The identity of the defendant;

The absence of mistake or accident, if that is a defense; and

The evidence of a larger continuing plan, scheme or conspiracy of which the crime on trial is a part.

*Bunch, supra; Collard v. State*, 526 S.W.2d 112 (Tenn.1975); *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963); Rule 404(b), *Federal Rules of Evidence*; Rule 404, *Uniform Rules of Evidence; McCor-*

*mick on Evidence* § 157 (1954). However, none of these exceptions is applicable to the case *sub judice*. The general rule is controlling.

■ We are not in accord with the trial court's conclusion that evidence of the defendant's prior bad acts is admissible as an exception to the general rule for the purpose of establishing either intent or identity. Intent is not an element to be proved in making out the offense of aggravated rape for the act itself supplies the intent. Furthermore, the defense interposed opened no doors involving either intent or identity so that these were not at issue. *See State v. Parton*, 694 S.W.2d 299, 303 (Tenn.1985); *Mays v. State, supra.* Accordingly, neither defendant's intent nor his identity are controlling exceptions to permit the introduction of these prior bad acts.

■ The absence of mistake or accident may be an appropriate exception where either of these defenses are raised. *See Bunch, supra.* In the instant case, however, such an exception is not appropos since neither mistake nor accident was relied upon as a defense.

■ Evidence of prior bad acts may be admissible as an exception to the general rule where there exists a common scheme or plan for commission of two or more crimes so related to each other that proof of one tends to establish the others. *Carroll v. State, supra.* Evidence of prior bad acts is admissible if committed as part of the same transaction and forms part of the *res gestae.* It is also admissible where the prior acts are part of a plan or system of criminal action near *in time* or similar in character to the crime for which the defendant is charged. *See Carroll, supra* at 529. Here the crime charged and the prior bad acts alleged by the witnesses are similar in character; yet, they occurred at least five years apart and are clearly so remote in time and otherwise unrelated that we cannot agree with the trial court that they constitute a common scheme.

We recognize that in cases involving sex crimes, the modern trend is to admit evidence of prior acts. However, the Tennessee Supreme Court has not adopted a general sex crimes exception, although several courts, in dictum, have discussed such an exception. *State v. Burchfield, supra* at 285–286.

We hold, therefore, that the inherently prejudicial effect of the trial court's admission of prior bad acts far outweighs any probative value which such an admission might offer under these circumstances. The issue having merit is sustained. Accordingly, the judgment of the trial court is reversed. We have considered issues 1, 2 and 4 and find them to be without merit. This case is remanded for a new trial.

DUNCAN, J., concurs.

O'BRIEN, J., filed separate dissenting opinion. His dissent is not published at his request.