# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 14, 2011 Session

## STATE OF TENNESSEE v. TIMOTHY BRYANT BURTON

**Appeal from the Circuit Court for Bedford County**
**No. 16988   Lee Russell, Judge**

---

**No.  M2010-02177-CCA-R3-CD - filed December 7, 2011**

---

Appellant, Timothy Bryant Burton, appeals his Bedford County conviction for violation of the sex offender registry and the State's use of his prior convictions to establish his status as a violent sex offender.  After a review of the record, we conclude that Appellant failed to timely register with a law enforcement agency within forty-eight hours of his change of residence in violation of Tennessee Code Annotated section 40-39-203 or, in other words, that the evidence was sufficient to support the conviction.  Additionally, Appellant waived any issue with regard to the admission of evidence by failing to object at trial or raise the issue in a motion for new trial and is not entitled to plain error review.  As a result, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

James O. Martin, III, Nashville, Tennessee, and Andrew Jackson Dearing, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Timothy Bryant Burton.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In April of 2010, Appellant was indicted by the Bedford County Grand Jury for failure to timely register with a law enforcement agency within forty-eight hours of his change of residence in violation of Tennessee Code Annotated section 40-39-203.

At the time of the incident herein, Captain Rebecca Hord was in charge of the Sex Offender Registry for the Bedford County Sheriff's Department. Her job was to monitor the registered sex offenders in Bedford County by making home visits, updating records, explaining reporting requirements to offenders, etc. She explained that registered sex offenders are required to report "[a]ny changes in their circumstances, . . . within 48 hours." According to Captain Hord, Appellant was required to come in "four times a year" because of his convictions that classified him as a "violent offender."[1]

Appellant came in on April 1, 2009, to give a required update on his location. When Appellant reported his residence, he reported that he lived at 121 Nutmeg. Captain Hord called Appellant into the office again on June 3, 2009, because "another department had been watching [Appellant's] address" for a few weeks at varying times and there was no response. Captain Hord had been to the residence herself "[p]robably about 10 days," trying to locate Appellant. Appellant's vehicle was also not at the house. Before Appellant came in to report, Captain Hord got a phone call informing her that Appellant was staying with Larissa Voytko. Captain Hord found Appellant's vehicle, a "big old white Bronco," at Ms. Voytko's residence on North Main. Additionally, some of Appellant's clothing were at the residence. Ms. Voytko's younger sister and friend were at the home at the time and had spent the night there the night before Captain Hord came to the residence. Appellant was at work. When Captain Hord finally got in touch with Appellant he came to the Sheriff's office.

Appellant signed a waiver of rights and talked to Captain Hord. Appellant admitted that he failed to report his change of address. Appellant informed Captain Hord that his vehicle was broken down on North Main and that he worked most nights in Murfreesboro. Appellant was charged on June 3 for failure to report. He was released from custody the next day and updated his address to 388 Pinkston Road, his mother's address. Appellant did not report a secondary address and did not tell Captain Hord where he had been staying.

---

[1] Appellant had one conviction for attempted aggravated sexual battery of a ten-year-old child and five convictions for statutory rape of a thirteen-year-old child.

Appellant came back on June 9, 2009, to report to the Sheriff's office. At that time he changed his address to 174 Hurricane Grove Road.

Shirley Brandon testified for Appellant. Mrs. Brandon was employed by Caregiver Services and lived at 121 Nutmeg with her husband. Appellant rented a room from the Brandons for almost a year. According to Mrs. Brandon, Appellant worked nights in Murfreesboro and would leave around 9:00 p.m. every night and was usually home around 7:00 a.m. Appellant was going to move out the first of June but had paid rent up until June 14, 2009. Mr. and Mrs. Brandon's daughter was going to move into the house.

Mrs. Brandon recalled that Appellant's white "four-by-four" broke down around the first or second of June. It had a blown head gasket.

Kimberly Voytko Vaughn testified that she was in a relationship with Appellant around the time of the incident. The two saw each other frequently during that time. Appellant lived at 121 Nutmeg at the time. Appellant's white Chevrolet Blazer broke down at Ms. Voytko's daughter's apartment around the end of May. She could not remember the exact date that the vehicle broke down.

Ms. Voytko insisted that Appellant did not move out of the residence on Nutmeg until June 14, 2009. She admitted that Appellant was storing some of his personal items at her daughter's apartment but claimed that he was storing them there because they happened to be in his truck when it broke down during his move to his mother's house. The items were moved into the apartment for safekeeping.

Courtney Fears is the daughter of Ms. Voytko. At the time of the trial she was fifteen years old. She testified that she and a friend stayed the night with her sister, Larissa Voytko in May or June of 2009. Appellant did not stay at the apartment that night even though some of his belongings were at the apartment. Ms. Fears recalled that Appellant's truck had broken down and was parked kind of close to the road. When the police came to look for Appellant, Ms. Fears denied telling them that Appellant was not living at the apartment.[2]

Judy Burton Hooker, Appellant's mother, testified at trial. According to Mrs. Hooker, Appellant lived on Nutmeg Drive with the Brandons. She claimed that she picked Appellant up and took him to work around 9:00 p.m. and that he worked until 6:00 a.m. the next morning. Mrs. Hooker did this for Appellant a few times. Mrs. Hooker recalled that the "motor" of Appellant's vehicle blew up around the first or third of June.

---

[2]The State called Captain Hord as a rebuttal witness. Captain Hord testified that Ms. Fears told her that Appellant was staying at the apartment. Ms. Fears showed Captain Hord the room, boots, clothes, and a bed.

At the conclusion of the proof, Appellant was convicted of the offense as charged in the indictment. After a sentencing hearing, Appellant was sentenced to four years in incarceration. Appellant filed a motion for new trial. The trial court denied the motion, and Appellant filed a timely notice of appeal. On appeal, Appellant challenges the sufficiency of the evidence as well as the trial court's decision to allow the State to introduce evidence of Appellant's prior convictions.

*Analysis*

Appellant argues on appeal that the trial court erred by allowing the State to introduce specific evidence of Appellant's prior convictions in violation of due process and the rules of evidence. Appellant cites *State v. James*, 81 S.W.3d 751 (Tenn. 2002) and *State v. Robert J. Wrigglesworth, Jr.*, No. M2005-01841-CCA-R9-CO, 2006 WL 2069430 (Tenn. Crim. App., at Nashville, Jul. 26, 2006), to support his argument. Specifically, Appellant contends that because trial counsel did not make an offer to stipulate to Appellant's prior sex offenses that it was plain error for the trial court to allow the State to introduce the judgments of Appellant's convictions for aggravated sexual battery and statutory rape. The State, on the other hand, argues that Appellant is not entitled to plain error review.

"[T]rial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, the Tennessee Rules of Evidence embody, and our courts traditionally have acknowledged, "a policy of liberality in the admission of evidence in both civil and criminal cases . . . ." *State v. Banks*, 564 S.W.2d 947, 949 (Tenn. 1978); *see also State v. Robinson*, 930 S.W.2d 78, 84 (Tenn. Crim. App. 1995). To be admissible, evidence must satisfy the threshold determination of relevancy mandated by Rule 401 of the Tennessee Rules of Evidence. *See, e.g., Banks*, 564 S.W.2d at 949. Rule 401 defines "relevant evidence" as being "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. However, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Tenn. R. Evid. 403; *see also Banks*, 564 S.W.2d at 951. A trial court abuses its discretion in regards to the admissibility of evidence only when it "applie[s] an incorrect legal standard, or reach[es] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)).

The general rule is that evidence of a defendant's prior conduct is inadmissible, especially when previous crimes or acts are of the same character as the charged offense, because such evidence is irrelevant and "invites the finder of fact to infer guilt from

-4-

propensity." *State v. Hallock*, 875 S.W.2d 285, 290 (Tenn. Crim. App. 1993). Tennessee Rule of Evidence 404(b) permits the admission of evidence of prior conduct if the evidence of other acts is relevant to a litigated issue such as identity, intent, or rebuttal of accident or mistake, and the probative value outweighs the danger of unfair prejudice. Tenn. R. Evid. 404(b), Advisory Comm'n Cmts.; *See State v. Parton*, 694 S.W.2d 299, 303 (Tenn. 1985); *State v. Hooten*, 735 S.W.2d 823, 824 (Tenn. Crim. App. 1987). However, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait." Tenn. R. Evid. 404(b). Before admitting evidence under Rule 404(b), the rule provides that (1) upon request, the court must hold a hearing outside the jury's presence; (2) the court must determine that the evidence is probative on a material issue and must, if requested, state on the record the material issue and the reasons for admitting or excluding the evidence; (3) the court must find proof of the other crime, wrong, or act to be clear and convincing; and (4) the court must exclude the evidence if the danger of unfair prejudice outweighs its probative value. Tenn. R. Evid. 404(b).

In the case herein, Appellant argues that the trial court committed reversible error in allowing the jury to hear evidence of his prior felony conviction. He asserts that under *State v. James*, 81 S.W.3d 751 (Tenn. 2002), the probative value of his prior convictions was, as a matter of law, outweighed by the danger of unfair prejudice. He alleges that such error was not harmless because the State used proof of his specific prior felony convictions rather than just using proof that Appellant was a "convicted sex offender." The State responds that the trial court did not abuse its discretion in allowing the State to introduce evidence of the Appellant's prior convictions; that Appellant failed to object to the introduction of the evidence at trial; and that Appellant is not entitled to plain error review.

In *James*, the defendant was charged with felony escape, an element of which was that he was incarcerated for a felony at the time of his escape. At trial, the defendant offered to stipulate that he had been incarcerated for a felony at the time of the escape in order to prevent the jury from learning of the specific felonies of which he had been convicted. The State did not agree to this stipulation and, at the trial, presented testimony which identified each of the defendant's felony convictions. Our supreme court concluded that, because of the defendant's offered stipulation that he was incarcerated for a felony at the time of his escape, the State could not present proof as to his specific felony convictions:

> [W]e hold that when the sole purpose of introducing evidence of a defendant's prior convictions is to prove the status element of the offense, and when the defendant offers to stipulate his status as a felon, the probative value of the evidence is, as a matter of law, outweighed by the risk of unfair prejudice. Therefore, in this limited instance, the trial court should have accepted the defendant's stipulation in lieu of disclosing the names or nature of his previous

convictions, as the latter evidence had little probative value and was likely to provoke the jury's prejudice.

*James*, 81 S.W.3d at 762 (footnote omitted).

As noted by Appellant, a panel of this court distinguished *James* in a similar issue in *State v. Robert J. Wrigglesworth, Jr.*, No. M2005-01841-CCA-R9-CO, 2006 WL 2069430 (Tenn. Crim. App., at Nashville, Jul. 26, 2006). In *Robert J. Wrigglesworth*, the defendant was indicted for establishing a residence where a minor child also resided when he was "a violent sexual offender or sexual offender as defined by Tennessee Code Annotated section 40-39-202." *Id.* at *1. The defendant offered to stipulate that he had previously been convicted of a sex offense, and the trial court held that the State must accept his offer to stipulate and the fact of the defendant's prior conviction would be removed from the jury's consideration. *Id.* at *1-2. The court said that the jury would not be instructed why the defendant was not allowed to reside with a minor. *Id.* at *1. On appeal in that case, the defendant argued, relying on *James*, that the probative value of the evidence was outweighed by the risk of unfair prejudice when he offered to stipulate to the status element of the offense. *Id.* at *2. The State argued that it was effectively barred from carrying its burden of proving every element of the charged offense. *Id.* at *2. This court concluded:

In prosecuting James for felony escape, the State was required to prove that, at the time of his alleged escape, he was incarcerated for a felony. His offer to stipulate to this fact meant that the State did not have to present proof as to this element of the offense and had the practical effect of the jurors' not hearing proof as to the specific felonies of which he had been convicted. However, by the stipulation, James did not prevent the jurors from learning of his being incarcerated for a felony at the time of the alleged escape, for this status was an element of the offense. In the present appeal, the State was required to prove that the defendant was convicted not just of a felony, as had been the case in *James*, but that he had been convicted of a violent sexual offense or sexual offense, as defined by Tennessee Code Annotated section 40-39-202. The trial court erred in concluding that, by his stipulation, the defendant could remove this element of the indictment from the jury's consideration and, thus, prevent it from learning of the conviction or even of the stipulation itself. Since the defendant's status as a convicted sex offender is an element of the offense with which he is charged, the jury should be told of his specific stipulation and the State then would not be allowed to present proof of the offense for which he had been convicted.

*Id.* at \*4. Following this reasoning, a defendant can offer to stipulate to the elements of an offense, but by doing so cannot prevent the jury from learning of an element of the offense or the stipulation. In other words, when evidence of a defendant's prior conviction is necessary to prove the status element of an offense, as in the case sub judice, the defendant may offer to stipulate his status as a felon. *James*, 81 S.W.3d at 762. If the defendant does so stipulate, disclosure of the names or nature of the prior convictions has "little probative value and [is] likely to provoke the jury's prejudice." *Id.* In the absence of a stipulation, however, the "probative value of an essential element of the offense would almost always outweigh any potential prejudice under Rule 404(b) [of the Tennessee Rules of Evidence], [and therefore the] specific nature of the offense w[ould] be admissible." *State v. Wingard*, 891 S.W.2d 628, 634 (Tenn. Crim. App. 1994) (overruled on other grounds *James*, 81 S.W.3d at 763 n.7).

Appellant herein did not make an offer to stipulate to his status. Further, he failed to object to the admission of certified copies of the judgments at trial. *See* Tenn. R. App. P. 36 (a). Appellant also waived this issue by failing to raise it in a motion for new trial. *See* Tenn. R. App. P. 3(e). On appeal, Appellant fails to point out this Court's decision in *State v. Wingard*, 891 S.W.2d 628 (Tenn. Crim. App. 1994), which is seemingly apposite to his position but rather urges this Court to review the issue for plain error as allowed in Tennessee Rule of Appellate Procedure 36(b). We decline to do so. Appellant has failed to show that a clear and unequivocal rule of law has been breached. *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000) (outlining factors for plain error review). From the *Wingard* opinion, it seems clear that absent a stipulation from Appellant, the probative value of Appellant's prior sex offender convictions outweigh the prejudicial effect due to the fact that the convictions form an "essential element" of the offense. Appellant is not entitled to relief on this issue.

*Sufficiency of the Evidence*

Appellant claims that the evidence was insufficient to support the conviction. Specifically, he argues that the State did not prove that he moved from the address that was registered and did not prove that forty-eight hours passed prior to Appellant's reporting a change in his address. Appellant insists that the evidence was purely circumstantial and that the only witness for the State never saw Appellant "living anywhere other than where he was registered." Further, there was no proof of "when the [alleged] move took place." The State, on the other hand, contends that the evidence was sufficient.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses

and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Appellant was indicted with a violation of the sex offender registry. Tennessee Code Annotated section 40-39-203(a)(1) provides that, "[w]ithin forty-eight (48) hours of establishing or changing a primary or secondary residence, . . . , the offender shall register or report in person, as required by this part."

The proof at trial indicated that Captain Hord visited Appellant's registered residence about ten times over a two week period prior to calling Appellant into the office to meet with her about the registry. Captain Hord was able to testify that Appellant's "unique" vehicle was not at the residence during any of her visits. Further, the residence was under surveillance by another department. When Appellant's vehicle was eventually located near the apartment of Ms. Voytko, Courtney Fears informed Captain Hord that Appellant's things were in a spare bedroom. The contents of the room indicated that Appellant was staying at the apartment. When Appellant was questioned by Captain Hord, he admitted his failure to report. Appellant presented conflicting testimony, attempting to establish that he was still living at 121 Nutmeg Drive. The jury heard the evidence and, from their verdict, accredited the testimony of the State's witnesses. This Court cannot re-weigh or re-evaluate the evidence. *Morgan*, 929 S.W.2d at 383; *Matthews*, 805 S.W.2d at 779. Moreover, questions concerning the credibility of the witnesses and the weight and value to be given to evidence,

as well as all factual issues raised by such evidence, are resolved by the trier of fact. *Pruett*, 788 S.W.2d at 561. The evidence was sufficient to support the conviction. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE